CULPEPPER, Judge.
Under LSA-R.S. 23:1634, the claimant filed this suit for judicial review of a ruling of the Board of Review of the Division of Employment Security. The district court affirmed the Board’s decision disqualifying the plaintiff for benefits. The plaintiff appealed.
The record shows that the claimant, Mary Sampson, had worked in the Arkansas Oak Flooring Company plant in Alexandria for about two years prior to the date of her discharge on September 13, 1967. She filed a claim for benefits which was initially denied by the area office on the grounds of “misconduct connected with employment.” LSA-R.S. 23:1601(2). This determination was approved by the Appeals Referee. The Board of Review reached the same conclusion and simply adopted the findings of fact and opinion of the Appeals Referee as follows:
“FINDINGS OF FACT
“The claimant had worked since September, 1965 for this employer at various jobs in the mill earning $1.45 an hour. On the last day she worked she was asked to report to the bundling department by the foreman to help out on a rush order. She had worked in this department before this. She refused to go and work there. She was then called in by the general manager and the matter was discussed. She was then discharged.
“OPINION
* * * * * *
“The employer has presented sufficient evidence to show that the claimant did refuse to work as instructed. The request was not unreasonable and she had done the work before. This refusal was misconduct connected with the work.”
The claimant contends she was justified in refusing to work in the bundling plant because most of the employees there were men and on the previous occasions when she had worked there she could not work fast enough to satisfy the foreman. The facts show that this same foreman is the one who requested her to help out in the bundling plant during a rush period. There is ample evidence in the record to support the findings of the Board of Review that the claimant had no reasonable cause for refusal to do the work as instructed.
The issues presented by this appeal are factual. The law is clear that the reviewing court must accept the findings of fact of the Board of Review where there is sufficient legally acceptable evidence to support them. LSA-R.S. 23:-1634; Vidrine v. Brown, La.App., 163 So.2d 375 (3rd Cir. 1964).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the claimant.
Affirmed.