409 So.2d 1227 (1981)
Warren A. GISS, Plaintiff-Appellee,
v.
Herbert L. SUMRALL, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, Defendant-Appellee, and
Arkansas Louisiana Gas Company, Defendant-Appellant.
No. 14737.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1981.
*1228 Blanchard, Walker, O'Quin & Roberts, by John T. Cox, Jr., Shreveport, for defendant-appellant, Arkansas Louisiana Gas Co.
Sockrider & Bolin by James E. Bolin, Jr., Shreveport, for plaintiff-appellee, Warren A. Giss.
James A. McGraw, Baton Rouge, for defendant-appellee, Herbert L. Sumrall, Administrator of the Division of Employment Sec. of the Dept. of Labor, State of Louisiana.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
This appeal by the employer, Arkansas Louisiana Gas Company, is from a decision of the district court reversing the decision of the Board of Review of the Office of Employment Security denying the plaintiff employee unemployment compensation benefits. The question presented on appeal is whether the district court erred in finding that the determination of the Board of Review that plaintiff was discharged for misconduct connected with his employment was based on incompetent and illegal evidence which was insufficient to sustain the Board's determination.
Plaintiff left his employment with Arkansas Louisiana Gas Company after being employed there for almost 10 years. At a meeting with his supervisor, Billy Kidd, and the Vice President of Employee Relations, Wilton Stone, plaintiff was advised that he was being terminated, primarily because of using the company computer for personal business; plaintiff was given the option of resigning, which he did. Plaintiff filed a claim for unemployment compensation with the Office of Employment Security, to which Arkla responded that plaintiff had voluntarily resigned. The agency determined that plaintiff resigned from his employment in lieu of discharge but that the action for which plaintiff was to be discharged was not misconduct connected with his employment. The employer appealed from the agency determination that plaintiff was entitled to unemployment compensation benefits and a hearing was conducted before an appeals referee. The appeals referee reversed the agency determination on a finding that the facts presented at the hearing showed recurrent failures on plaintiff's part to fulfill his obligations as an employee after receiving warnings from his superiors. The Board of Review affirmed the decision of the appeals referee and plaintiff filed suit in district court seeking reversal of the Board of Review's decision. The Administrator of the Office of Employment Security answered the employee's petition for judicial review by joining in his demand that the Board's determination be reversed as erroneous. The employer answered plaintiff's suit asking that the decision of the Board of Review be affirmed. We find that the trial court was correct in concluding that the findings of the appeals referee and the Board of Review were based on insufficient evidence and, therefore, affirm.
At the hearing before the appeals referee, only two persons testified: the claimant *1229 and Mr. Stone. After some preliminary questioning by the appeals referee, Mr. Stone read a prepared statement into the record and offered into evidence various exhibits, including office memoranda prepared by Mr. Kidd and others. Plaintiff timely objected to certain portions of the statement and the exhibits on the grounds that hearsay evidence was being introduced. The thrust of Stone's testimony was that plaintiff violated a direct order of his supervisor, Kidd, not to use the company computer for personal business and that plaintiff admitted having done so. Stone did not profess to have personal knowledge of the facts relating to the order and use of the computer and was relating what Kidd had told him. Mr. Kidd did not testify at the hearing. Despite the obvious hearsay nature of most of the employer's testimony and exhibits, they were allowed into evidence by the referee. Plaintiff denied that he was given a direct order or that he disobeyed any order which Mr. Kidd had given him. The alleged personal use of the computer was minimal and plaintiff explained that some of this use of the computer had value to the company and to his own training in use of the computer.
The decision of the appeals referee contains the following findings of fact:
"Claimant worked for the above named employer about ten years until about 3-4-80. He was a salaried employee in the planning department where financial, engineering, and other long range planning was carried out for the company. His work involved using the company computer daily from 20 to 30 percent of his time.
"In addition to claimant's position at Ark-La-Gas, he operated his own real estate business for several years on a part-time basis. From time to time he would use the company computer during office hours in connection with his real estate business. In early 1979 his immediate supervisor discussed with him some data sets claimant had put in the computer that he was using for his personal business. Some of this was done by claimant as practice in order to make him more proficient in programming and operating the computer. However, he never had permission to use the computer for his personal business. In addition, he spent office time in various aspects of his real estate business, including telephone calls with attorneys and other clients. His supervisor verbally counselled him about this practice but it did continue. In about February, 1980 the auditing department informed claimant's supervisor that they had found evidence claimant was again using the computer for his personal business. It was then decided to terminate claimant. A meeting was conducted in the vice-president's of employer relations office on 3-4-80. Claimant's supervisor read him a prepared statement concerning his discharge. (see employer exhibit 1). Claimant tried to explain his actions but his explanations were not accepted and he was allowed to resign in lieu of termination. Only once before had another employee been discovered using the computer for personal business and he was also terminated."
It was the opinion of the appeals referee that the facts of the case showed "recurring failures on claimant's part to fulfill his obligations as an employee after warnings"; therefore, his resulting discharge was for misconduct connected with his employment and claimant was not entitled to receive unemployment benefits.
The law applicable to this case was recently summarized in Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981):
"LSA-R.S. 23:1601 provides that:
`An individual shall be disqualified for benefits:
* * * * * *
`(2) If the administrator finds that he has been discharged for misconduct connected with his employment ...'.
"The employer bears the burden of proving that a discharge resulted from disqualifying misconduct. The issue is primarily a factual one to be determined by the administrator and the board of *1230 review. LSA-R.S. 23:1634. However, there must be legal and competent evidence to support the factual findings on which the administrative determination turns. Evans v. State Department of Employment Security, 292 So.2d 265 (La. App. 2 Cir. 1974); Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2 Cir. 1979). Moreover, if the determination made does not meet `a threshold test of reasonableness', it is erroneous as a matter of law. 35 La.Law Rev. 349 at 369. See Simmons v. Gerace, 377 So.2d 407 (La.App. 2 Cir. 1979); Brown v. Lockwood, 380 So.2d 685 (La.App. 4 Cir. 1980); Turner v. Brown, 134 So.2d 384 (La.App. 3 Cir. 1961); Boudreaux v. Louisiana Board of Review, 374 So.2d 1182 (La., 1979).
"The word `misconduct' in LSA-R.S. 23:1601 is used to connote intentional wrongdoing. King v. Brown, [115 So.2d 405] supra; Turner v. Brown, supra. Thus, an employee can be unsatisfactory to the employer without being guilty of disqualifying misconduct...." (Footnote omitted)
An employee's failure to follow a direct order of his supervisor can constitute misconduct under LSA-R.S. 23:1601(2) which would disqualify a claimant from receiving unemployment compensation benefits. See Bridges v. Western Electric Co., 304 So.2d 850 (La.App. 2d Cir. 1974) and Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir. 1972).
In this case, the crucial issue is whether plaintiff disobeyed a direct order of his supervisor. Mr. Stone's testimony that Mr. Kidd had informed him that he had advised plaintiff not to use the company computer for his personal business is clearly hearsay and cannot be considered by this court in its determination of whether there was sufficient evidence to support the findings of fact of the appeals referee. The interoffice memoranda filed into evidence by the employer prepared by Kidd and others who did not appear at the hearing are also hearsay.
Mr. Stone did testify, however, that at plaintiff's termination interview plaintiff acknowledged that Mr. Kidd ordered him to remove two of his personal data sets from the computer and not to use the computer for his personal business. An admission by a party is competent evidence and was correctly admitted at the hearing before the appeals referee. However, plaintiff explained at the hearing that although he was advised to remove certain personal data sets from the company computer he was never ordered not to use the computer for his personal business. Plaintiff testified that he did remove the data sets from the computer.
Mr. Stone's testimony regarding the admission was not the best evidence of plaintiff's alleged misconduct. The testimony of plaintiff's supervisor would have been the best evidence of the direct order and the alleged violation of it. Had plaintiff's supervisor testified, he would have been subject to cross-examination by plaintiff.
Considering the indirect, secondary nature of the evidence against the claimant and claimant's denial that he was given a direct order or that he ever admitted to having received such an order, the evidence does not meet the threshold test of reasonableness and is insufficient to establish the disqualifying misconduct alleged by the employer. Absent proof of a deliberate disregard or violation of a direct order not to use the computer for personal business, claimant's conduct, although considered unsatisfactory by his employer, in no way approaches the kind of willful disregard of his employer's interest that would disqualify him from receipt of unemployment compensation benefits.
After reviewing the entire record of these proceedings, disregarding the incompetent hearsay evidence which was introduced over the strenuous objection of the plaintiff, we find that the trial court was correct in concluding that the facts as found by the appeals referee and relied on by the Board of Review were based on insufficient evidence. The employer failed to establish by a preponderance of legal and competent evidence that plaintiff was discharged *1231 for misconduct connected with his employment.
For these reasons, the judgment of the trial court is affirmed and this matter is remanded to the Board of Review of the Office of Employment Security of the State of Louisiana, for entry of an order directing the payment to plaintiff of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law. The employer, Arkansas Louisiana Gas Company, is cast for all costs.
Affirmed.