440 So.2d 932 (1983)
Sarah L. BALL, Plaintiff-Appellant,
v.
Thomas M. LOCKWOOD, Administrator of the Department of Employment Security, State of Louisiana, and Frymaster Corporation, Defendants-Appellees.
No. 15734-CA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
*933 Ike F. Hawkins, Jr., Shreveport, for plaintiff-appellant.
James A. McGraw, Eddie G. Crawford, and Denise A. Nagel, Baton Rouge, for defendants-appellees.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
Claimant was denied benefits under the Employment Security Law on a finding that her discharge was for misconduct connected with her employment. LRS 23:1601(2). The trial court affirmed some four years later and claimant appeals.
Claimant was discharged November 1, 1978. The Board of Review of the Department of Employment Security affirmed her disqualification on March 30, 1979, and claimant sought judicial review on April 11, 1979. The department did not file the administrative record for review by the district court until April 4, 1983.
The appeals referee specifically found that claimant was discharged when she "continued to refuse" her employer's request to perform a particular job task "despite several warnings from her supervisors." Our review is limited to determining whether the findings of fact are supported by sufficient evidence and whether the decision is correct as a matter of law. LRS 23:1634.
The record shows that on October 3, 1978, claimant refused to perform a task directed by her foreman, Promes Leftridge, that again on October 31 she refused to perform another task directed by Leftridge. Leftridge testified:
"I was aware she had the problem with her back and I also tried to get [her] to go to the doctor for this.... I told her I couldn't tell ... she couldn't do a job unless I have a statement from the doctor showing that she couldn't do this work. "I did [tell her that she should go see the company doctor]
"She refused."
Claimant requested that she be allowed to talk to the supervisor, Darryl McAllister. This request was granted and McAllister told claimant that she had the choice of going to the doctor or doing the task assigned her and that if "this [refusal under such circumstances] arises again," claimant "would be terminated." On November 1, claimant again refused to perform a particular task that Leftridge directed and asked Leftridge to fire her. Claimant was fired on the recommendation of Leftridge and McAllister.
Claimant admitted refusing to do the work assigned, explaining that she couldn't do it "without help." She admitted going to the company doctor on October 19 but contended that Leftridge told her to see "a doctor," which she couldn't do because she couldn't pay her doctor bill. At Leftridge's request another employee also told claimant that she should go see the doctor. Claimant *934 saw the company doctor on October 19 because of a back injury she sustained in July. When she returned to work on Monday, October 23, she was put back in her "regular job," a job she had been doing for about two weeks, since mid-October.
Under these circumstances, and viewing the record in the light most favorable toward support of the determination, we must conclude that the findings of the appeals referee are supported by sufficient evidence.
Misconduct must be determined on the facts of the individual case. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981). Misconduct has been defined by the courts to mean "an act of willful or wanton disregard of the employer's interest ... a disregard of standards of behavior which the employer has the right to expect of an employee ..." Heard v. Doyal, 259 So.2d 412, 414 (La. App.2d Cir.1972). The essential issue is whether claimant had a "reasonable cause" for refusing to do the assigned work. Sampson v. Doyal, 215 So.2d 149 (La.App. 3d Cir.1968). Once the employer established that an employee refused to do work directed by the employer which is within the scope of that employee's duties, the employee must show that his or her refusal was founded on some reasonable basis to avoid being disqualified for benefits under the law. Sampson, supra. If that refusal is because of a physical ailment, the employer is justified in requesting that the employee obtain a medical opinion to that effect from the company doctor or a doctor of the employee's choosing. The claimant in such a situation cannot ignore the employer's request and demand that she be fired. In this respect, the appeals referee was correct, as a matter of law, in concluding that claimant failed to establish that she was, in fact, unable to do the job requested of her and that her discharge was under disqualifying circumstances.
At appellant's cost, judgment is AFFIRMED.