KNOLL, Judge.
Joseph ■ Thibodeaux (hereafter Thibo-deaux), a former employee of General Tire Service, appeals a denial of unemployment benefits by the Louisiana Office of Employment Security (hereafter Employment Security). The trial court affirmed Employment Security’s determination that Thibo-deaux was properly terminated for misconduct connected with his work. We reverse, finding the employer did not establish Thi-bodeaux’s disqualifying misconduct.
Thibodeaux was employed by General Tire Service as a tire changer and mechanic for approximately one month. He worked from 7:30 a.m. to 5:30 p.m., five and one-half days per week and earned $4.00 per hour. Thibodeaux testified that he was discharged by the shop foreman for having an accident and for not staying clean. The accident occurred approximately two weeks before his discharge. Thibodeaux received no uniforms, thus he was required to wear his own clothes to work. He went to work clean and shaven on Mondays but wore the same clothes for the remainder of the week. Thibodeaux received no comments nor warnings about his working clothes, but was told that he had to shave. Thibo-deaux shaved whenever he was told to do so; his reason for not shaving daily was because it irritated his skin. He admitted that he did not see a physician regarding the skin irritation and that he had been warned. about his failure to shave more often.
The appeals referee made the following conclusion:
“... [T]he claimant was discharged for failing to follow a reasonable request of the employer. The claimant, by his own testimony, had been warned and advised to shave, however, he chose to shave only one day per week and wore the same clothes to work for an entire week while he was employed by the named employer. Since the claimant had been warned, he should have been aware of the employer’s desires in this case. ”
In the absence of fraud) which is not at issue in the instant case, the facts are conclusive and we must accept them. LSA-R.S. 23:1634; Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983); Simmons v. Gerace, 377 So.2d 407 (La.App. 2nd Cir.1979). Misconduct sufficient to disqualify a claimant from receiving unemployment compensation has been consistently defined to mean an act of willful or wanton disregard of the employer’s interest, or a deliberate violation of the employer’s rules. See Morris v. Gerace, 353 So.2d 986 (La.1977) and Horns v. Brown, 243 La. 936, 148 So.2d 607 (La.1963). But in every case the misconduct must be employment related. Morris, supra.
The employer has the burden of establishing the disqualifying misconduct of the employee by a preponderance of competent evidence. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La. 1981); Ealy v. Sumrall, 401 So.2d 520 (La.App. 2nd Cir.1981); Sykes v. Doyal, 278 So.2d 819 (La.App. 2nd Cir.1973); *672 Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir.1964). The Louisiana Employment Security Law is remedial social legislation that is construed liberally and in the interest of the statute’s beneficiaries. Craighead v. Administrator, Etc., 420 So.2d 688 (La.App. 2nd Cir.1982), writ denied, 422 So.2d 154 (La.).
Since the case sub judice has reached appellate review, we note that in addition to appellant’s brief, two briefs submitted by Employment Security, one from the office in Baton Rouge and one from the office in Lake Charles, each requests a reversal of the district court’s judgment because the employer failed to carry its burden of proof by a preponderance of the evidence that Thibodeaux was discharged for misconduct. We agree.
All parties having an interest in the case were notified of the time and place for the appeals hearing. Thibodeaux appeared at the hearing and gave testimony under oath. We find his testimony candid and sincere. The employer did not attend nor participate in the hearing, and offered no evidence to support its charge of misconduct.
The record is clear the employer failed to meet the standard of proving misconduct by a preponderance of competent evidence. Ealy, supra. Further, in order to discharge an employee for misconduct, there must be an intentional wrongdoing. LSA-R.S. 23:1601; Banks, supra. Since the employer offered no evidence, we look to the referee’s conclusions, who placed great emphasis on the fact that Thibodeaux never consulted a doctor about his skin irritation. This was clear error. Thibo-deaux was never requested to consult a doctor by his employer. In trying to comply with his employer’s request and warnings, in spite of his skin irritation problem, he did shave when his employer warned him with the exception of one occasion. His employer called him in and warned him about not shaving. Thibodeaux explained his skin irritation problem to his employer and it was on this occasion that Thibodeaux did not shave. Thibodeaux was then fired. Under these circumstances, we find that there was no showing that Thibodeaux intentionally did wrong.
For the foregoing reasons, it is ORDERED, ADJUDGED and DECREED that the district court’s judgment is reversed and set aside, and there is judgment herein in favor of appellant, Joseph Thibodeaux, against the Louisiana Office of Employment Security, entitling Joseph Thibodeaux to benefits under the Louisiana Employment Security Law. This matter is remanded to the Board of Review of the Office of Employment Security for an order directing payment to Joseph Thibo-deaux for unemployment compensation benefits. All costs are assessed to appellant’s employer, General Tire Service.
REVERSED, RENDERED AND REMANDED.