469 So.2d 464 (1985)
George HONEA, Plaintiff-Appellant,
v.
C.J. BLACHE, Administrator, Dept. of Labor and Lake Charles Memorial Hospital, Defendants-Appellees.
No. 84-431.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*465 Lonnie R. Smith, Southwest Legal Services Society, Inc., Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Fred H. Sievert, Jr., Lake Charles, for defendants-appellees.
Eddie Crawford, Baton Rouge, for defendant-appellant-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
George Honea (hereafter Honea), a former employee of Lake Charles Memorial Hospital, appeals a denial of unemployment benefits by the Louisiana Office of Employment Security (hereafter Employment Security). The trial court affirmed Employment Security's determination that Honea was properly terminated for misconduct because he failed to follow a reasonable request of the employer in regard to his work. We affirm.
Honea was employed by Lake Charles Memorial Hospital as a maintenance mechanic for approximately fourteen months. He worked rotating shifts, 40 hours per week, and earned $9.45 per hour. Honea was hired on August 14, 1981. He testified that his duties were not defined at first, but he received a policy handbook and attended orientation.
On August 11, 1982, Honea received a disciplinary warning for violating the hospital's policy on excessive tardiness. On September 24, 1982, Honea received a second warning for insubordination, failure to perform or inefficiency in performance of assigned *466 duties, and misuse or abuse of hospital property.
On October 21, 1982, Honea reported to his supervisor, Mr. Chowdhry, who asked Honea if the work orders from the previous night had been completed. Honea threw the work orders on Chowdhry's desk and said "you can read." Chowdhry again questioned Honea about the status of the work orders and Honea responded that apparently Chowdhry could not read. Chowdry said "Sure I can read. How do you think I got this job?" Honea responded "Lots of ways. Money can buy anything," Honea then left, and shortly thereafter received a final warning and discharge for the following hospital violations: insubordination; failure to perform or inefficiency in performance of assigned duties; disorderly conduct; use of rude, intemperate action in a disrespectful manner; and tardiness.
The initial agency determination of Employment Security denied Honea unemployment compensation benefits, finding that Honea was discharged for failure to follow a reasonable request of his supervisor in regard to his work. Honea appealed the agency's determination. Both the appeals referee and the trial court affirmed the denial of unemployment benefits, finding Honea's intentional failure to perform work requests constituted misconduct under LSA-R.S. 23:1601(2).
The appeals referee made the following conclusion:
"From the facts and testimony presented, it is concluded that the claimant was discharged from work because he failed to follow a reasonable request of the employer in regards to his work. Although much testimony was given regarding the claimant's absences and violation of various hospital policies which the claimant explained or denied, the employer has shown that the claimant was asked a simple question as to whether or not he had completed the reports and/or certain jobs and the claimant failed to give a reasonable answer to his superior and asked only if the superior could read. The claimant's answer could most definitely be construed as insubordination. The employer has shown that the claimant failed to perform his work timely as expected."
The scope of judicial review of a decision disqualifying an employee from unemployment compensation benefits is limited by LSA-R.S. 23:1634 to questions of law and whether the decision is supported by sufficient evidence. Joshua v. State, Office of Employment Sec., 460 So.2d 714 (La.App. 3rd Cir.1984).
Misconduct under LSA-R.S. 23:1601(2) has been consistently defined as an act of willful or wanton disregard of the employer's interest, or a deliberate violation of the employer's rules. Thibodeaux v. La. Office of Emp. Sec., 458 So.2d 670 (La.App. 3rd Cir.1984); Morris v. Gerace, 353 So.2d 986 (La.1977). Insubordination toward the employer amounts to misconduct sufficient to disqualify the claimant from receiving unemployment benefits. Rankin v. Doyal, 223 So.2d 214 (La.App. 2nd Cir.1969). An employee's failure to follow a direct order of his supervisor can constitute misconduct under LSA-R.S. 23:1601(2) which would disqualify a claimant from receiving unemployment compensation benefits. Giss v. Sumrall, 409 So.2d 1227 (La.App. 2nd Cir.1981).
The employer bears the burden of proving by a preponderance of competent evidence that a discharge resulted from disqualifying misconduct. Thibodeaux, supra; Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981). Once the employer establishes that an employee refused to do work directed by the employer which is within the scope of that employee's duties, the employee must show that his or her refusal was founded on some reasonable basis to avoid being disqualified for benefits. Ball v. Lockwood, 440 So.2d 932 (La.App. 2nd Cir.1983); Sampson v. Doyal, 215 So.2d 149 (La.App. 3rd Cir.1968).
*467 In the instant case, Honea complains that he was denied a fair hearing because he did not receive proper notice of the charges against him and, therefore, was not prepared to defend against them. We disagree. Prior to the hearing before the appeals referee, Honea received a notice of claim determination which stated:
"You were discharged from your employment because you failed to follow a reasonable request of your employer/supervisor in regard to your work. Your discharge was for misconduct connected with the employment."
He also received a notice to appear for the hearing which stated the above charges. Further, the record clearly supports that Honea's discharge for misconduct was based on the charges stated in the notices, namely his failure to follow a reasonable work request of his employer/supervisor. We find this complaint lacks merit.
The crucial issue is whether Honea disobeyed a direct order of his supervisor and, if so, whether this constitutes misconduct which would disqualify Honea from receiving unemployment compensation benefits. The evidence, consisting of the testimony of the employer's representatives as well as Honea's testimony, indicates that Honea had been directed several days prior to his discharge to perform certain duties within a specified time, and that Honea had not completed his work. Honea admitted the confrontation with his supervisor, which the appeals referee correctly construed as insubordination. We find the employer met its burden of proving that Honea's discharge resulted from disqualifying misconduct. Honea, however, failed to show that his conduct was founded on some reasonable basis. After a careful review of the record, we cannot say that the trial court committed manifest error in finding that the record contained a reasonable factual basis for concluding that Honea was properly discharged for misconduct connected with his employment.
We find that the record contains legally sufficient competent evidence to support the factual conclusions of misconduct and that those conclusions are sufficient to disqualify George Honea from receiving benefits in this case. Accordingly the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, George Honea.
AFFIRMED.