473 So.2d 925 (1985)
Lloyd MELTON, Plaintiff-Appellee,
v.
STATE of Louisiana, OFFICE OF EMPLOYMENT SECURITY, et al., Defendants-Appellants.
No. 84-599.
Court of Appeal of Louisiana, Third Circuit.
August 12, 1985.
*926 Anne E. Tate, of Liskow & Lewis, New Orleans, for defendants-appellants.
James T. Lee, Marksville, for plaintiff-appellee.
James A. McGraw, Baton Rouge, Anita M. Bridges, Oklahoma City, Okl., for defendant-appellee.
Before GUIDRY, FORET and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether the District Court was correct in reversing the decision of the Board of Review of the Louisiana Office of Employment Security which denied plaintiff unemployment compensation benefits.
Plaintiff, Lloyd Melton, (hereinafter Melton) was discharged from his duties as a roustabout on an offshore drilling rig by his employer, Transworld Drilling Company, (hereinafter Transworld) for his unwillingness to perform work assigned. The Louisiana Office of Employment Security (hereinafter Agency) initially determined that Melton was eligible for unemployment compensation benefits finding that he was not discharged for misconduct connected with his employment. Transworld appealed this initial determination to the Agency's Appeals Tribunal in accordance with La.R.S. 23:1629. The Appeals Referee reversed the Agency's initial determination and found that Melton was disqualified from receiving benefits. Melton appealed this decision to the Board of Review of the Agency pursuant to La.R.S. 23:1630. The Board of Review affirmed the decision of the Appeals Referee denying Melton benefits. Melton then timely filed a petition of review in the District Court pursuant to La.R.S. 23:1634. The Agency filed an answer praying that the case be remanded to the Board of Review for the reception of additional evidence. The trial judge agreed and ordered that the case be remanded to the Board of Review. The Board of Review held a second administrative hearing and ordered that their earlier decision, affirming the Appeals Referee disqualifying Melton from receiving benefits, should remain in full force and effect. Melton then again timely appealed to the District Court which, after a hearing, ruled that Transworld had failed to bear its burden of proving that Melton was disqualified from receiving unemployment benefits and found that Melton was entitled to unemployment compensation benefits and reversed the decision of the Board of Review. Transworld then timely appealed the decision to this Court. We reverse.

FACTS
Melton was employed by Transworld as a roustabout on an offshore drilling rig for approximately eleven months. He was scheduled to work from 5:30 A.M. to 6:30 P.M., seven days on and seven days off, and earned $7.50 per hour.
On January 13, 1982, Melton received a disciplinary warning for not following his employer's instructions. On February 4, 1982, Melton received a second disciplinary warning for being late for a crew change. Melton received a third disciplinary warning on May 31, 1982 for not being on time to report for the days work.
On September 10, 1982, Melton was discharged from his job by Mr. J.W. Bonin, the tool pusher, because of his unwillingness to perform the work assigned. Melton worked as a roustabout and on the last day of his hitch, was assigned to clean, pick up, and prepare the rig for the next crew. However, Bonin found Melton and two other workers hiding behind one of the platform legs waiting for a crew boat to arrive instead of performing his assigned duties. *927 Melton had been previously warned about non-performance of assigned tasks and for this reason he was discharged for failing to perform his assigned duties.
The Appeals Referee made the following findings of fact from the evidence:
"From the evidence and facts presented, it is concluded that the claimant had been warned several times before about his work. It is further concluded that the claimant was found not performing his work while waiting for the crew boat to arrive and he was then discharged because of this. It is therefore concluded when the claimant was found not performing his job as assigned and was discharged because of this, his discharge was due to his own misconduct connected with the employment and under disqualifying conditions."

DISCHARGE FOR MISCONDUCT CONNECTED WITH EMPLOYMENT
This Court as well as the District Court below, is limited in its power to review the decision of the Board of Review. LSA-R.S. 23:1634 provides:
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law...."
In interpreting the standard of review provided by LSA-R.S. 23:1634, we quoted our brethren of the First Circuit Court of Appeal in Hayes v. State, Office of Employment Sec., 467 So.2d 175 (La.App. 3rd Cir.1985) and stated that:
"`In short, our jurisdiction is limited to questions of law; we simply do not have the jurisdiction or authority to disturb the findings of fact of the Board of Review where questions of weight and credibility are involved and where their conclusions are supported by sufficient evidence. Vancouver Plywood Co., Inc. v. Sumrall, 415 So.2d 625 (La.App. 3rd Cir. 1982); Dunigan v. Administration of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977).' Southeastern Louisiana University v. Shelton, 431 So.2d 432, 435 (La.App. 1st Cir. 1983)." Hayes v. State, Office of Employment Sec., 467 So.2d 175, 177 (La. App. 3rd Cir.1985).
With the applicable standard of review in mind, we now turn to the merits of this case.
This Court recently set forth the applicable law for misconduct in unemployment compensation cases in Honea v. C.J. Blache, Administrator, Dept. of Labor and Lake Charles Memorial Hospital, 469 So.2d 464 (La.App. 3rd Cir.1985), by stating that:
"Misconduct under LSA-R.S. 23:1601(2) has been consistently defined as an act of willful or wanton disregard of the employer's interest, or a deliberate violation of the employer's rules. Thibodeaux v. La. Office of Emp. Sec., 458 So.2d 670 (La.App. 3rd Cir.1984); Morris v. Gerace, 353 So.2d 986 (La.1977). Insubordination toward the employer amounts to misconduct sufficient to disqualify the claimant from receiving unemployment benefits. Rankin v. Doyal, 223 So.2d 214 (La.App. 2nd Cir.1969). An employee's failure to follow a direct order of his supervisor can constitute misconduct under LSA-R.S. 23:1601(2) which would disqualify a claimant from receiving unemployment compensation benefits. Giss v. Sumrall, 409 So.2d 1227 (La.App. 2nd Cir.1981)." Honea v. C.J. Blache, Administrator, Dept. of Labor and Lake Charles Memorial Hospital, 469 So.2d 464 (La.App. 3rd Cir. 1985).
The employer bears the burden of proving by a preponderance of competent evidence that a discharge resulted for disqualifying misconduct. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981); Thibodeaux, supra; Honea v. C.J. Blache, Administrator, Dept. of Labor and Lake Charles Memorial Hospital, supra. Once the employer establishes *928 that an employee refused to do work directed by the employer, which is within the scope of that employee's duties, the employee must show that his or her refusal was founded on some reasonable basis to avoid being disqualified for benefits. Honea v. C.J. Blache, Administrator, Dept. of Labor and Lake Charles Memorial Hospital, supra; Ball v. Lockwood, 440 So.2d 932 (La.App. 2nd Cir.1983); Sampson v. Doyal, 215 So.2d 149 (La.App. 3rd Cir.1968).
The crucial issue is whether Melton disobeyed a direct order of his supervisor and, if so, whether this constitutes misconduct which would disqualify Melton from receiving unemployment compensation benefits. The evidence consists of the testimony of the employer's representative, Mr. Bonin, as well as the testimony of the claimant, Melton. Basically, Melton claims he was working at the time of the incident and Bonin claims that Melton was not working, in violation of his instructions, and was hiding out waiting for the crew boat to pick him up at the end of his hitch. Melton's testimony conflicts with Bonin's testimony and therefore, presented an issue of credibility for the Board of Review to resolve by requiring them to weigh the credibility of the various witnesses. The Board of Review reviewed the testimony of both witnesses, before issuing its second decision affirming its earlier assessment of disqualification, and chose to believe the testimony of Bonin. For this reason we cannot say the findings of fact of the Board of Review are not supported by sufficient evidence.
The Board of Review found that Melton was disqualified from receiving unemployment benefits because of his misconduct. From our review of the record we conclude the record contains legally sufficient competent evidence to support the factual conclusion of misconduct and that we cannot say that the decision of the Board of Review was incorrect. For this reason we reverse the trial court judgment and reinstate the ruling of the Board of Review denying Melton unemployment compensation benefits.
Costs may not be assessed against the Office of Employment Security, La.R.S. 13:5112(C); La.R.S. 23:1548, nor against Melton, La.R.S. 23:1692; Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087 (La. App. 3rd Cir.1981) nor should they be assessed against Transworld. Hayes v. State, Office of Employment Sec., supra; Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir. 1983). Thus, it appears that no party to the litigation is legally responsible for the costs and they must be absorbed by the Clerk of this Court and the Clerk and Sheriff of the trial court. Hayes v. State, Office of Employment Sec., supra; Livingston Parish School Bd. v. State, 426 So.2d 246, at page 249 (La.App. 1st Cir.1983).
REVERSED AND RENDERED.