KNOLL, Judge.
Browning Ferris Industries (hereafter BFI) appeals the judgment granting Phyllis Guidry unemployment compensation benefits. The trial court reversed the decision of the Louisiana Office of Employment Security, finding BFI failed to establish plaintiff’s disqualifying misconduct. For the following reasons, we reverse.
The findings of fact of the Appeal Referee and the Board of Review were:
“The claimant worked for the named employer from January 26, 1982, through April 27, 1983, as a Receptionist-Sales Secretary. She was paid at the rate of $700.00 per month and worked from 8:00 a.m. to 5:00 p.m. Monday through Friday. For approximately one year the claimant used her personal vehicle to run company errands. She was reimbursed at the rate of twenty cents per mile for using her vehicle. Approximately two days prior to her discharge, the claimant discovered that she was not being covered by company insurance. At this point the claimant requested more money for using her personal vehicle to run company errands. The employer refused as he felt that the reimbursal rate was fair and in line with what other employing units pay. The claimant refused to use her vehicle any longer unless she got more money. As a result the claimant was discharged effective April 27, 1983.”
Plaintiff was subsequently discharged for refusing to continue to perform company errands in her personal car with reimbursement at a rate of $.20 per mile.
Plaintiff applied for unemployment compensation benefits and was denied. She appealed to the Appeal Tribunal and a hearing was held on June 14, 1983. The referee upheld the agency’s previous determination that plaintiff had been fired for misconduct.
*825 Plaintiff then appealed to the Board of Review which, on August 12, 1983, affirmed the decision of the appeals referee. She then appealed to the Fourteenth Judicial District Court which reversed the decision of the Board of Review. BFI then filed this appeal. The Office of Employment Security filed a brief asking us to affirm the trial court’s determination finding the employer’s condition unreasonable.
EMPLOYEE MISCONDUCT
BFI contends that the trial court erred: 1) in reversing the administrative findings for not meeting the "threshold of reasonableness”; and 2) in finding plaintiff reasonably refused to use her automobile for work-related errands when BFI refused to increase its mileage allowance to permit plaintiff to purchase increased insurance to cover her while she was on work-related errands.
Judicial review of an administrative proceeding is very limited in scope. LSA-R.S. 23:1634 provides:
“In any proceeding under this section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
The First Circuit Court of Appeal interpreted the standard of review in Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983), holding that:
“In short, our jurisdiction is limited to questions of law; we simply do not have jurisdiction or the authority to disturb the finding of fact of the Board of Review where questions of weight and credibility are involved and where their conclusions are supported by sufficient evidence.”
An employee is disqualified from receiving benefits if the employee has been discharged for misconduct connected with employment. LSA-R.S. 23:1601(2). An employee’s failure to follow a direct order of his supervisor constitutes misconduct under LSA-R.S. 23:1601(2) which disqualifies a claimant from receiving unemployment compensation benefits. Melton v. State, Office of Employment Security, 473 So.2d 925 (La.App. 3rd Cir.1985); Honea v. C.J. Blache, Administrator, Department of Labor and Lake Charles Memorial Hospital, 469 So.2d 464 (La.App. 3rd Cir.1985). Plaintiff contends that she had a reasonable cause for refusing to do her assigned job duties, that is, dissatisfaction with her rate of mileage reimbursement for use of her personal car on company errands. It is undisputed that plaintiff failed to follow a direct order to do a regular assigned job duty to run company errands in her personal car. The issue is did the plaintiff have a reasonable cause to not follow the direct order of her employer and whether or not plaintiff met her burden of proof at the hearing.
Under Louisiana jurisprudence, once the employer has established that an employee refused to do work directed by the employer, which is within the scope of that employee’s duties, the employee must show that his refusal was founded on some reasonable basis to avoid being disqualified for unemployment benefits under the law. The essentia] issue is whether the claimant had a “reasonable cause” for refusing to do the assigned work. Sampson v. Doyal, 215 So.2d 149 (La.App. 3rd Cir.1968).
Jurisdiction of the appellate courts is limited to questions of law and an appellate court does not have the jurisdiction or authority to disturb the findings of fact of the Board of Review where questions of weight and credibility are involved or where their conclusions are supported by sufficient evidence. Melton v. State, Office of Employment Security, supra.
Plaintiff told her employer that unless her request for increased mileage reimbursement was granted that she would refuse to perform a part of her job responsibilities that had been assigned to and performed by her for the previous sixteen months. When the employer refused her demand plaintiff did in fact refuse to perform her job responsibilities of running company errands in her personal car and was discharged.
*826 The findings of fact of the Appeals Referee and the Board of Review are amply supported by the evidence in the record. The Appeals Referee and the Board of Review both concluded that:
“... [F]rom the evidence and testimony presented in the hearing ... the claimant was discharged as she refused to use her personal vehicle to run company errands. It appears that the claimant performed this job for approximately one year without complaint. It is apparent that this practice no longer suited the claimant when she discovered that she had not been carried by company insurance. As the employer had not changed the conditions under which the claimant was hired, it is concluded that the claimant refused a reasonable request from her supervisor (to use her car for errands) and therefore her discharge was for misconduct connected with the employment-She should be disqualified.” (Emphasis added.)
This finding of fact is supported by sufficient evidence and is conclusive on the Court of Appeal in the appellate review of this case. LSA-R.S. 23:1471. Even the district court judge, in his opinion reversing the administrative body’s decision, found that:
“She [the plaintiff] did not refuse to run the employer’s errands but merely refused to use her own personal vehicle without [what plaintiff considered to be] adequate reimbursement for her expenditures in connection therewith.” (Emphasis added.)
The plaintiff was the one seeking more mileage reimbursement for use of her personal car on company errands and was the one seeking to change the conditions of her job which she had been doing without complaint for over a year. The evidence in the record clearly shows that plaintiff has been using her personal car for company errands for over a year with a mileage reimbursement of $.20 per mile without complaint. Under these circumstances the employer, by refusing plaintiff’s demand for more mileage reimbursement, has not now changed plaintiff’s working conditions or placed added expenditures on her. An employee should not be allowed to seek to force a change in pre-existing working conditions, for whatever reason, and then be allowed to collect employment compensation benefits when fired because the employer did not agree to the employee’s demand which the employee then used as an excuse to not perform regular job duties. Such reasoning would allow an employee to dictate to the employer what the employee will or will not do.
The Appeals Referee and the Board of Review both made a finding of fact from the evidence that the employer had not changed the conditions under which plaintiff was hired and worked without complaint for over a year. It was clear error for the trial court to reverse a finding of fact of the administrative bodies when the facts are well supported by the record. Accordingly, we find plaintiff disqualified for unemployment compensation benefits.
For the foregoing reasons, the judgment of the trial court is reversed. It is Ordered, Adjudged and Decreed that the ruling of the Board of Review is reinstated. All costs of trial and of this appeal are assessed to plaintiff, Phyllis A. Guidry.
REVERSED AND RENDERED.