KNOLL, Judge.
Ocean Drilling & Exploration Co., Inc. (hereafter ODECO), appeals the judgment of the trial court which affirmed the Board of Review’s finding that Calvin C. Clavelle was not disqualified from receiving unemployment compensation benefits.
Clavelle was discharged from ODECO on September 24, 1985, for unauthorized removal of company property. The appeals referee disqualified Clavelle from receiving unemployment compensation benefits on the ground of misconduct connected with his employment. The Board of Review affirmed.
On judicial review, the district court remanded the matter to the Board of Review for the taking of additional evidence to modify or clarify its finding of facts and conclusions pursuant to LSA-R.S. 23:1634 B. After remand, the Board of Review reversed its decision and awarded benefits to Clavelle. The district court affirmed. From that decision ODECO brings this appeal.
The issues presented on appeal are: 1) whether the findings of fact by the Board of Review are supported by sufficient com- ■ petent evidence; and, (2) whether the decision of the Board of Review removing the disqualification of benefits for Clavelle is correct as a matter of law. We reverse finding the Board of Review’s finding on facts not supported by sufficient competent evidence.
The first finding of facts by the Administrative Law Judge on January 13, 1986, disqualifying Clavelle for unemployment compensation, are as follows:
“The claimant worked for the above named employer for approximately fifteen years, from August, 1970 to mid-September, 1985. At the time of separation, the claimant was working as a full-time production foreman earning $53,-700.00 per year. He last worked on September 24, 1985. He was discharged. The claimant was discharged for unauthorized removal of company property. The claimant, without following established procedures and without following established lines of authority, arranged pick-up of approximately $9,000.00 worth of scrap pipe belonging to the employer and accepted delivery of the same at his personal residence. As [a] result of the incident, the claimant was discharged. Because the material was returned to the employer, criminal charges were not made against the claimant.”
Based on these findings of facts, the Board of Review affirmed the Administrative Law Judge’s decision.
On judicial review brought by Clavelle on January 29, 1987, the trial court remanded the matter to the Board of Review for the taking of additional evidence to modify or clarify the findings of facts and conclusions.
On remand before the Administrative Law Judge on April 16, 1987, the findings of fact were reported as:
“The claimant worked for the named employer for approximately 15 years, through September 24, 1985. At the time of separation, the claimant was a full-time production foreman, earning $53,700 per year.
Prior to the discharge, the claimant contacted Jack Fernandez, an engineer with the named employer, requesting information on the purchase of scrap pipe. Mr. *1337 Fernandez indicated that he would check into the matter and let the claimant know whom he should talk to about the purchase. When the claimant did not hear from Mr. Fernandez, he called him again to see if he had secured any information. Mr. Fernandez advised the claimant that he would have information for him the following Friday. During the interim, the claimant contacted a trucking company for price information on the transfer of the pipe. The following Friday, the claimant did not receive the needed information from Mr. Fernandez and did not arrange for the pickup and delivery of the pipe. However, the following Sunday afternoon the pipe was delivered to his home. That Monday, the claimant telephoned Mr. Fernandez to verify clearance on the receipt of the pipe and was advised that the pipe had not been properly released. The claimant immediately arranged for the pickup of the pipe and its return to the employing unit. He was discharged from the employment for unauthorized removal of company property.”
Based on these findings the Board of Review reversed itself on May 5, 1987, removed the disqualification and awarded unemployment compensation benefits to Clavelle, effective September 24, 1985. The trial court affirmed.
The area of our concern is the Board of Review’s finding of facts on remand that Clavelle “did not arrange for the pick-up and delivery of the pipe.” We are mindful that the scope of our judicial review of a decision of the Board of Review is limited by LSA-R.S. 23:1684, which provides that findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law. Burson v. Lasseigne, 337 So.2d 663 (La.App. 3rd Cir.1976). In this instance there is no fraud. However, we find the record is not supported by sufficient evidence to conclude Clavelle “did not arrange for the pick-up and delivery of the pipe.”
The record shows the following facts. The scrap pipe at issue came to ODECO’s attention from a confidential tip to Mr. Billy Bachemin, ODECO’s chief of security. He received a tip that a load of pipe was going to be diverted from the ODECO Co-codrie dock terminal in Cocodrie, Louisiana. Mr. Bachemin hired a private investigating firm in New Orleans to watch the pipe and see where it would be taken. The investigators followed the pipe to Clavelle’s house in Carenero.
Clavelle knew the pipe had to be released from ODECO. The pipe was delivered to Clavelle’s house without any accompanying paperwork from ODECO, without payment, and by the trucking firm Clavelle contacted for a price to haul the pipe to his house. He paid the trucking firm for hauling the pipe to his house. Clavelle accepted the pipe and made no attempt upon delivery to ascertain if the pipe was released from ODECO despite the fact that ODECO’s radio room answered the phone twenty-four hours a day, seven days a week. Clavelle called Jack Fernandez Monday morning and after this conversation, Clavelle had the pipe sent back to ODECO. Clavelle did not go through the proper channels for the release of the scrap pipe, i.e., warehouse, but contacted Jack Fernandez, a production engineer who worked in the ODECO building in New Orleans, and had nothing to do with releasing scrap material. Fernandez was terminated also as a result of this incident.
We find the above facts are uncontro-verted and based on nonhearsay testimony. These facts are sufficient to support a factual finding that: “The claimant, without following established procedures and without following established lines of authority, arranged pick-up of approximately $9,000 worth of scrap pipe belonging to the employer and accepted delivery of the same at his personal residence.” Further, we find this conduct sufficient to constitute misconduct within the purview of LSA-R.S. 23:1601.
Clavelle denies that he told John Co-meaux, the owner of the truck, to pick-up the pipe. At the first hearing, Clavelle *1338 testified he told Mr. Comeaux to stay on standby for the weekend. On remand, Cla-velle testified:
“CLAIMANT: I had told Mr. Comeaux that if I was supposed to have heard from Mr. Fernandez that Friday, and see if — if we had heard it — if I could purchase the pipe. If we could pick it up over the weekend, which he said no problem. So I told him, I said, well, I’ll get back with you if we need — if I need you to pick the pipe of [sic],
ROBEIN: Now, had Mr. Fernandez previously told you that he was going to get back with you on that Friday?
CLAIMANT: I had talked to — yeah.
ROBEIN: All right.
CLAIMANT: Jack told me that he’d get back — he’d try to find out something for me by Friday—
ROBEIN: All right.
CLAIMANT: Afternoon, and get back with me, which he never did, and I never — I never did call Mr. Comeaux and told him to pick up any pipe.”
Mr. Bachemin testified that Mr. Comeaux told him that Clavelle told him (Comeaux) to pick up the pipe. Mr. Comeaux did not testify, neither did Mr. Fernandez. Since what Mr. Comeaux told Mr. Bachemin is hearsay evidence, we will not consider it. Hearsay evidence, while admissible in an administrative hearing, is not competent evidence and cannot be considered on review in determining whether the factual findings of the Board of Review are supported by “sufficient evidence” as required by LSA-R.S. 23:1634. Hypolite v. Adm’r, Office of Emp. Sec., 539 So.2d 658 (La.App. 3rd Cir.1989). In disregarding all the hearsay evidence in the record and considering Clavelle’s denial of having Comeaux deliver the pipe that particular weekend, the record shows a void as to how the pipe was picked up and delivered that particular weekend at Clavelle’s house. Nevertheless the nonhearsay evidence of record is strong enough to support the conclusion that Cla-velle, by not following proper procedures and not contacting the proper authority, was instrumental in “unauthorized removal of company property,” the conduct for which he was discharged by ODECO, and for which we find constitutes misconduct under LSA-R.S. 23:1601.
After remand, the Board of Review stated in its opinion: “The claimant did request information on the purchase of scrap pipe from the employer and did request information on the cost involved in transferring the pipe. However, the claimant did not receive the needed clearance to purchase the pipe, nor did he arrange the pickup and delivery of the pipe to his home. The first workday following the delivery of the pipe, the claimant telephoned the employer to determine whether or not clearance had been granted.” In their opinion, the Board of Review completely overlooks the fact that part of Clavelle’s misconduct was contacting Mr. Fernandez, who had nothing to do with the release of scrap material, rather than the proper authority. The Board of Review clearly finds that “the claimant did not receive the needed clearance to purchase the pipe,” (emphasis added) and we find the record clearly supports this conclusion. The glaring proof of misconduct by Clavelle is that he did accept delivery of the pipe and paid the truck driver for hauling it, without clearance of the pipe from ODE-CO. Returning the pipe after talking to Mr. Fernandez does not excuse the unauthorized removal of company property.
We find the evidence on remand does not controvert the evidence of the original hearing, nor does it plausibly explain Cla-velle’s conduct in obtaining the scrap pipe. The evidence on remand was very similar, if not parallel, to the evidence of the original hearing. Therefore, we conclude that the Board of Review did not have sufficient evidence before it on remand to reverse its original determination of Clavelle’s misconduct connected with his employment.
For the above reasons we reverse the judgment of the trial court and the Board of Review on remand, and reinstate the original determination by the Board of Review on February 21, 1986, denying Cla-velle unemployment compensation benefits, effective September, 1985.
Costs of all the proceedings may not be assessed against the Office of Employment *1339 Security, LSA-R.S. 13:5112 D; LSA-R.S. 23:1548, nor against the claimant, LSA-R.S. 23:1692. Melton v. State, Office of Employment Sec., 473 So.2d 925 (La.App. 3rd Cir.1985). Costs of this appeal must be absorbed by the Clerk of this Court, and the Clerk and Sheriff of the trial court. Id. at page 928.
REVERSED AND RENEDERED.
STOKER, J., dissents and assigns written reasons.
FORET, J., dissents for reasons assigned by STOKER.