DOUCET, Judge.
The primary issue presented by this appeal is whether or not the trial court erred in sustaining the decision of the Board of Review of the Louisiana Office of Employment Security which denied plaintiff unemployment compensation benefits.
Plaintiff, Helenisa Thibodeaux, filed this suit seeking judicial review of a decision by the Office of Employment Security of the Louisiana Department of Labor (Agency) after the Agency decided she was ineligible to receive unemployment benefits because of misconduct connected with her employment. La.R.S. 23:1601(2). The Agency’s determination was affirmed by an Appeals Referee and reaffirmed by the Board of Review. Plaintiff then filed a petition for judicial review of the Board’s decision with the Fourteenth Judicial District Court, Cal-casieu Parish, Louisiana. After a hearing, the District Court affirmed the decision of the Board of Review. It is from this judgment that plaintiff has appealed. We affirm.
The Appeals Referee made the following findings of fact from the evidence presented:
“The claimant was employed by Rosewood Nursing Home from May 9, 1984 until March 30, 1987. She worked as a Nurse Aide [sic] from 7:00 AM to 3:00 PM, with a schedule of four days on duty and two days off duty. The claimant was paid $3.65 per hour. The claimant had been counselled by her employer regarding her inability to work with a particular co-worker. The claimant felt that this co-worker did not provide the facility residents with proper care. On Monday, March 30, 1987, the claimant was reassigned to work in partnership with this co-worker. The claimant refused to accept the work assignment. The nurse on duty wrote a warning slip for refusing the assignment. The claimant refused to sign the warning. The director of nurses was notified. She instructed the nurse on duty to inform the claimant that she should perform the work as assigned or clock out. Instructions were given to inform the claimant that if she did clock *1388 out that she would be terminated from her job. The claimant continued to refuse the work assignment with this particular co-worker and was discharged from her job.”
Appellant, Thibodeaux, urges that there was insufficient evidence presented to support a finding of disqualifying conduct by the Board of Review and that the decision of the Board was incorrect as a matter of law. Additionally, appellant urges that she was denied unemployment compensation benefits on the basis of a charge of misconduct that she was not given notice of prior to the hearing.
This court, as well as the district court below, is limited in its power to review the decision of the Board of Review. La.R.S. 23:1634 provides in pertinent part:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law....”
In interpreting the standard of review provided by La.R.S. 23:1634, we quoted our brethren of the First Circuit Court of Appeal in Hayes v. State, Office of Employment Sec., 467 So.2d 175 (La.App. 3rd Cir. 1985) and stated that:
“ ‘In short, our jurisdiction is limited to questions of law; we simply do not have the jurisdiction or authority to disturb the findings of fact of the Board of Review where questions of weight and credibility are involved and where their conclusions are supported by sufficient evidence. Vancouver Plywood Co., Inc. v. Sumrall, 415 So.2d 625 (La.App. 3rd Cir. 1982); Dunigan v. Administrator of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977)’. Southeastern Louisiana University v. Shelton, 431 So.2d 432, 435 (La.App. 1st Cir. 1983).” Hayes at p. 177.
With the applicable standard of review in mind, we now turn to the merits of this case.
This court set forth the applicable law for misconduct in unemployment compensation cases in Honea v. C.J. Blache, Administrator, Dept. of Labor and Lake Charles Memorial Hospital, 469 So.2d 464, 466 (La.App. 3rd Cir.1985), by stating that:
“Misconduct under LSA-R.S. 23:1601(2) has been consistently defined as an act of willful or wanton disregard of the employer's interest, or a deliberate violation of the employer’s rules. Thibodeaux v. La. Office of Emp. Sec., 458 So.2d 670 (La.App. 3rd Cir.1984); Morris v. Gerace, 353 So.2d 986 (La.1977). Insubordination toward the employer amounts to misconduct sufficient to disqualify the claimant from receiving unemployment benefits. Rankin v. Doyal, 223 So.2d 214 (La.App. 2nd Cir.1969). An employee’s failure to follow a direct order of his supervisor can constitute misconduct under LSA-R.S. 23:1601(2) which would disqualify a claimant from receiving unemployment compensation benefits. Giss v. Sumrall, 409 So.2d 1227 (La.App. 2nd Cir.1981).”
Once the employer establishes that an employee refused to do work directed by the employer, which is within the scope of that employee’s duties, the employee mpst show that his or her refusal was founded on some reasonable basis to avoid being disqualified for benefits. Honea, supra; Ball v. Lockwood, 440 So.2d 932 (La.App. 2nd Cir.1983); Sampson v. Doyal, 215 So.2d 149 (La.App. 3rd Cir.1968).
In the instant case, the crucial issue is whether plaintiff’s conduct constitutes misconduct which would disqualify her from receiving unemployment compensation benefits.
The record reflects that appellant was terminated from her employment for refusing to take an assignment and that the reason for her refusal was because she did not care to work with one of her coworkers, Ms. Guillory. Appellant disapproved of Ms. Guillory’s work performance. These facts were acknowledged by appellant in her signed claimant’s statement. Appellant also acknowledged in the statement that this same issue had been raised *1389 seven days previously with the head nurse, Ms. Stoneburner. Appellant further confirmed this in her testimony at the hearing of this matter. She testified that she had refused the work assignment because of her problems with Ms. Guillory notwithstanding that this had been discussed with Ms. Stoneburner several days earlier. At the conclusion of that discussion, Ms. Sto-neburner instructed her to continue her work with Ms. Guillory and made no agreement that appellant would not be required to work with Ms. Guillory. Thus, appellant’s testimony establishes that she refused the work assignment and that her only reason for refusing it was her disapproval of the job performance of the coworker.
The Board of Review concluded that:
“... Although the claimant, herself, was dissatisfied with the work performance of a co-worker, and filed a complaint to the employing unit, she was not relieved of the responsibility of working with this individual. Further, in the opinion of the Board, it was not within the realm of the claimant’s responsibility to rate another worker’s job performance, and then determine whether or not she would continue to work with that individual.
For the reason stated, the Board is of the opinion that misconduct connected with the separation from employment was present.”
From our review of the record we conclude the record contains legally sufficient competent evidence to support the factual conclusion of misconduct and that we cannot say that the decision of the Board of Review was incorrect. For this reason we affirm the district court judgment denying plaintiff unemployment compensation benefits.
With respect to plaintiff’s contention that she was denied unemployment compensation benefits on the basis of a charge of misconduct that she was not given notice of prior to the hearing, we find no merit. The notice to appear for hearing stated:
“The claimant was discharged from her employment because of her deliberate failure to perform work properly. Her attitude was contrary to the employer’s best interest. Her discharge was for misconduct connected with the employment.”
The notice states that plaintiff deliberately failed to “perform work- properly.” It was established that she did fail to perform the work properly in that she refused to perform the work assigned, which was to work with Ms. Guillory. Moreover, after reviewing the claimant statement, it is evident that plaintiff was fully aware that she had been terminated for refusing to take an assignment with Ms. Guillory. Thus, we reject plaintiff’s assertion.
Accordingly, for the reasons assigned, the judgment of the District Court denying plaintiff unemployment compensation benefits is affirmed. Costs may not be assessed against the Office of Employment Security, La.R.S. 13:5112(0); La.R.S. 23:1548, nor against plaintiff, La.R.S. 23:1692; Ducote v. Louisiana Office of Employment Security, Department of Labor, 401 So.2d 1087 (La.App. 3rd Cir. 1981), nor should they be assessed against Rosewood Nursing Home. Thus, it appears that no party to the litigation is legally responsible for the costs and they must be absorbed by the Clerk and Sheriff of the trial court. Hayes, supra.
AFFIRMED.