HARDY, Judge.
This is an appeal by the defendant Administrator from a judgment of the First Judicial District Court of Caddo Parish reversing the decision of the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana and remanding the case to the said Board with • instructions that plaintiff’s eligibility to unemployment compensation benefits be recognized and payments made in accordance with law.
Plaintiff, Louise Washington, was discharged by her employer, Johnson Electric Company, and the reason assigned for such action was set forth in an unsworn statement of said company as follows :
“Spent to (sic) much time in rest room took off work and not call in or give reason.”
The claim determination . by the local office of the State agency in Shreveport, notifying plaintiff of her disqualification for benefits, assigned the following reasons for such action:
“You were discharged by Johnson Electric Co., for spending too much time in rest room and absence without notice or reason. This is neglect of your job and is misconduct connected with the work.”
The basis for the above conclusion was noted on the determination form in a statement, unsigned and illegibly initialed by the interviewer, as follows:
“Wasted time — absent w/o notice or reason.”
Plaintiff appealed from the determination of ineligibility, and a hearing was conducted before the Appeals Referee. The brief transcript of this hearing fails to indicate any detailed specification of the employer’s asserted reasons for plaintiff’s discharge, discloses no appearance by the employer at the hearing, and consists exclusively of the examination of the plaintiff by the Referee. Subsequent to this hearing the Referee made a finding of fact in which he noted that no employer representation was present at the hearing. The opinion of the Referee declared:
“This claimant may have had a good personal reason for absenting herself *29 from her employment, however,- she should have arranged for her employer to be so notified. In failing to advise her employer of her intended absence, she is guilty of misconduct in connection with her work.”
The so-called factual findings and the opinion of the Referee were affirmed by the Board of Review, and the written decision of the Board was set forth as follows:
“The evidence, in the instant case, shows that the claimant was discharged for being absent from work without proper authorization or notifying her employer ofthe reasons for her intended absence.
“There is sufficient evidence to establish that the claimant was discharged for misconduct connected with her work.
“It Is Ordered That the decision of the Appeals Referee be affirmed.”
Under the provisions of LSA-R.S. 23:-1634 plaintiff petitioned for a judicial review from the determination of the Caddo Parish Agency, the decision of the Appeals Referee and the judgment of the Board of Review on the ground that the holding of the above agencies was contrary to law on the basis of the facts, and, alternatively, that the facts as determined were not supported by the evidence. Both the administrator and the employer answered plaintiff’s petition and the said pleading of the employer contained the following specific aver-ments :
“9.
“Further answering, respondent shows petitioner’s employment with it was terminated by respondent for the reasons that petitioner failed and refused, despite amicable demands, to perform the duties required of her and to abide by the reasonable rules and regulations of respondent, petitioner having the ability to do so.
“10.
^Further answering, respondent shows that petitioner attempted on several instances to so mar(lc) her time slip that it became very difficult for respondent to determine the amount of hours she worked each day; that petitioner’s work was done in a sloppy, haphazard and inefficient manner for several weeks immediately prior to her discharge; that petitioner would absent herself from work for unnecessary periods during working hours, and deliberately sought payment for services either not performed or performed in a manner not acceptable to respondent.”
Our careful examination of the complete record, made up as substantially outlined above, has convinced us that (1) the vague, uncertain and indefinite charges of the employer are completely unsubstantiated; (2) the factual findings of the several agencies were not supported by “sufficient evidence” under the provisions of LSA-R.S. 23:1634; and (3) the reasons for termination of plaintiff’s employment and the grounds upon which her alleged misconduct was based, as specifically set forth for the first time in the above quoted averments of the employer’s answer to plaintiff’s petition in this proceeding, are not supported by so much as a scintilla of evidence in the record.
We have been at some pains to outline the details of the proceedings in this case in the hope that the emphasis upon obviously unjust and inequitable irregularities may serve to prevent the future recurrence of similar circumstances. Our courts are becoming increasingly burdened with appeals from the action of administrative agencies. It is our considered opinion that such a burden could-be alleviated by the insistence of the agencies involved upon a more satisfactory method of procedure.
We would particularly note, with full .realization of the fact that administrative agencies are not necessarily governed *30 in their investigations and determinations by technical and strictly legal rules of evidence, they are nonetheless bound by the legal understanding, definition and application of evidence.
We are further disposed to make the gratuitous observation that proceedings to the prejudice of a claimant based upon unsupported charges conducted in a quasi-judicial hearing where the employer does not appear and the claimant is required, in effect, to bear testimony against himself, is subject to a serious question as to propriety and validity.
The judgment appealed from is affirmed.