155 So.2d 250 (1963)
Vallin JANUARY, Plaintiff-Appellant,
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY et al., Defendants-Appellees.
No. 911.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1963.
*251 Rogers & McHale, by Robert M. McHale, Lake Charles, for plaintiff-appellant.
Marion Weimer, Melvin L. Bellar, James A. Piper, Baton Rouge, Plauche & Plauche, by A. Lane Plauche, Lake Charles, for defendants-appellees.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The plaintiff's claim for unemployment compensation was denied by the Division of Employment Security. By this suit the claimant seeks judicial review of this agency action, impleading the agency's administrator and his own employer. The claimant now appeals from the dismissal of his suit by the district court.
In the agency proceedings, the employer filed a form stating that the claimant was fired because he "didn't show up for work on three different occasions." Following the administrative hearing, the agency held that this charge had been proved and that therefore the claimant was disqualified from receiving unemployment compensation benefits because he had been discharged for misconduct connected with his employment, LSA-R.S. 23:1601(2).
Primarily, the appellant's able counsel contends that the charge of misconduct was not proved at the administrative hearing, at which the only evidence taken was the testimony of the claimant himself. A further contention is made that any dereliction proven at the hearing through the claimant's own admissions, was nevertheless not disqualifying conduct within the meaning of the unemployment compensation act.
It is true, as the appellant contends, that the employer has the burden of proving the disqualifying cause asserted by him, McGinnis v. Moreau, La.App. 3 Cir., 149 So.2d 188; Lee v. Brown, La.App. 3 Cir., 148 So.2d 321, and that the employer does not discharge this burden by hearsay evidence or by ex parte statements filed by him in the administrative proceedings and not corroborated by sworn testimony at the administrative hearing, Lee v. Brown, cited above, Washington v. Administrator, La. App. 2 Cir., 125 So.2d 27.
On the other hand, even though in the present instance the employer did not introduce *252 any evidence at the administrative hearing, nevertheless the claimant himself, under interrogation by the agency hearing officer, did admit that on three Mondays shortly before he was discharged he had failed to report to work without having previously notified his employer. The claimant's testimony further indicates that his employer wished to have his full work crew present on Monday (Tr. 20), the start of the work week.
Upon judicial review, the courts must accept administrative determinations of fact "if supported by sufficient evidence * * *, and the jurisdiction of the court shall be confined to questions of law", LSA-R.S. 23:1634. As stated in McGinnis v. Moreau, La.App. 3 Cir., 149 So.2d 188, 191, "when the evidence at an administrative hearing is open to several reasonable constructions, the courts will accept that construction of the evidence which the administrative agency has reasonably made in reaching its factual determination."
While we concede the force of the appellant's contention that his own testimony could also possibly be construed otherwise, we cannot say that the agency tribunals acted arbitrarily or unreasonably in construing the claimant's own testimony as showing he had, within a short period of time, failed to report for work on three Mondays without notifying his employer of his intended absence or tardiness at the start of each work week in question, and that he was fired because of the third such incident occurring immediately after two such prior absences. We therefore are unable to reverse the administrative determination of fact to such effect.
The appellant further contends however that, even accepting such factual determination, the misconduct in question is not disqualifying within the meaning of the unemployment compensation act, as being in wanton and wilful disregard of the employer's interest and as showing an intentional and substantial disregard thereof. Horns v. Brown, 243 La. 936, 148 So.2d 607.
In this regard, it has been held that an isolated dereliction ordinarily does not by itself manifest disqualifying conduct within the meaning of the statute, especially when there are exculpatory circumstances. Beaird-Poulan, Inc. v. Brady, La.App. 3 Cir., 154 So.2d 589; Johnson v. Brown, La.App. 3 Cir., 134 So.2d 388; Turner v. Brown, La.App. 3 Cir., 134 So.2d 384; United States Gypsum Co., La.App. 4 Cir., 121 So.2d 362; King v. Brown, La.App. 2 Cir., 115 So.2d 405; Yellow Cab Company v. Stewart, La.App. 2 Cir., 111 So.2d 142, certiorari denied. On the other hand, repeated derelictions may constitute disqualifying misconduct as evidencing a substantial and intentional disregard of the employer's interest. Batiste v. Brown, La.App. 3 Cir., 134 So.2d 381; Chapman v. Division of Employment Security, La.App. 2 Cir., 104 So.2d 201
Thus, in the Annotation, "Discharge of absenteeism as affecting right to unemployment compensation", 41 A.L.R.2d 1158, it is noted that there is jurisprudence to the effect that "mere absenteeism" does not constitute wilful misconduct, but that: "Under statutes providing that unemployment benefits are to be denied or delayed to one whose unemployment results from discharge for wilful misconduct, it has been held or recognized that persistent or chronic absenteeism, at least where the absences are without notice or excuse, and are continued in the face of warnings by the employer, constitutes wilful misconduct within the statute." See also: Chapman v. Division of Employment Security, La.App. 2 Cir., 104 So.2d 201; Prenell v. Brown, La.App. 3 Cir., 130 So.2d 520; Lacombe v. Sharp, La.App. 2 Cir., 99 So.2d 387.
The repeated absence of the claimant from work on three consecutive or nearly consecutive Mondays, without prior notification to the employer and in violation of the employer's requirements to have the *253 full work crew present at the start of the work week, can reasonably be found under the circumstances to constitute disqualifying misconduct in wanton and wilful disregard of the employer's interest and manifesting a substantial and intentional disregard thereof. We therefore find no error in the agency determination that the derelictions in question did indeed constitute such disqualifying misconduct.
For the reasons assigned, we affirm the judgment of the district court dismissing the claimant's suit.
Affirmed.