TATE, Judge.
The claimant seeks judicial review of an administrative denial of unemployment benefits sought by him. LSA-R.S. 23 :- 1471-23 .T713. Cole was held disqualified because he had been discharged for misconduct connected with his employment. LSA-R.S. 23:1601(2). The trial court upheld the claimant Cole’s disqualification, and the claimant appeals.
Cole’s foreman and assistant foreman testified that Cole was discharged because (1) he had repeatedly through neglect left his lumber-mill work pile up, disrupting production, although capable of keeping up with his assignments and (2) he had repeatedly taken an extra 5-10 minutes beyond the 15-minute coffee break allowed him, spending the extra time talking with other employees at other stations on his way back to work thus slowing down their production also. These company witnesses testified that during the last week of the claimant’s employment there were several recurrences in these delinquencies despite several previous warnings. The claimant himself denied this testimony.
Cole’s counsel argues that the conduct should not be held to be disqualifying since not of a serious nature, and that, anyway, the alleged misconduct has not been sufficiently proved. However, we have recently overruled similar contentions, with full discussion, in Hall v. Doyal, La.App. 3 Cir., 191 So.2d 349.
 In the Hall decision we noted that disqualifying conduct may, as here, con *761 sist of wanton negligence or neglectful failure to perform duties of such recurrence or degree that they are considered tantamount to the deliberate or intentional conduct in willful disregard of the employer’s interest which by statute constitutes disqualifying misconduct. We likewise held that the administrative tribunal’s evaluation of the credibility of the opposing witnesses is binding upon the courts in judicial review of the unemployment agency’s determinations. See LSA-R.S. 23:1634.
For the foregoing reasons, we affirm the dismissal of the claimant’s suit for unemployment compensation benefits.
Affirmed.