NORRIS, Judge.
Plaintiff, Jerry W. Flagg, appeals a district court decision affirming the denial of unemployment benefits by the Board of Review, Louisiana Office of Employment Security. Flagg contends that his former employer, Orkin Exterminating Co., failed to show that he was guilty of any intentional wrongdoing that would disqualify him from receiving unemployment compensation benefits. Finding no merit in his assignment of error, we affirm.
The initial determination by the Agency of the Office of Employment Security was that Flagg was discharged for failure to meet his employer’s needs, and therefore not disqualified from receiving unemployment compensation benefits. On appeal by the employer, Orkin Exterminating Co., the Appeals Referee reversed the agency’s initial determination. Pursuant to Flagg’s appeal, the Board of Review affirmed the Referee’s decision. Flagg contested the Board’s decision in district court. The court remanded the case to the Board of Review to take more evidence due to inaudible areas in the transcripts. The Board once again found that Flagg was not entitled to receive unemployment compensation benefits. The district court then affirmed the decision of the Board of Review, finding that Flagg was disqualified from receiving unemployment compensation.
Both sets of the Board’s findings of fact are substantially the same. Flagg was a termite technician for Orkin Exterminating Co., working forty hours per week at a pay rate of $5.50 per hour. He was employed from December 28, 1983 until June 21, 1984.
On March 7, 1984 a customer complained that the work on his house had not been completed. Flagg returned to the customer’s house, then reported to his supervisor that the work had been corrected. The customer called again, stating that the *1306 work still had not been done, and cancelled his service. At this time Flagg was warned that any subsequent offense would be grounds for termination.
In June, 1984, after the claimant was sent to another customer’s home, that customer called twice to complain that the work had not been done. The first time Flagg was sent back to the jobsite, and told his supervisor that he had corrected the problem. After the second complaint Jim Ortez, the manager, and Mike Autrey, a manager trainee, went to the customer’s home to inspect the jobsite. They found that approximately half a pickup truckload of debris had not been removed from under the house; that the house had not been trenched properly; and that the necessary chemicals had not been applied. At that time, Ortez and Autrey did the work properly. All these deficiencies were standard job requirements that Flagg had been trained to do and had successfully completed in the past. Flagg had no logical explanation for his failure to perform his duties.
The courts are bound by the Board’s findings of fact as long as they are supported by sufficient evidence. Carter v. Blache, 476 So.2d 873 (La.App. 2d Cir.1985). Flagg does not contest the Board’s findings of fact, but rather its conclusion. He contends that Orkin failed to meet its burden of proving that Flagg was guilty of misconduct under 23:1601(2). The issue before us now is whether, as a matter of law, the actions found by the Board of Review constitute misconduct.
Flagg argues that Ortez’s testimony that a customer complained repeatedly about Flagg’s work is hearsay, and that it should not be considered in determining whether he is disqualified. While a finding of ineligibility cannot be based on hearsay, Deloume v. Div. of Emp. Sec. of Dept. of Labor, 420 So.2d 1199 (La.App. 5th Cir.1982), it may be used for corroborative purposes. Charbonnet v. Gerace, 457 So.2d 676 (La.1984). Flagg’s ineligibility was founded not on the customer’s complaint, but rather op Ortez and Autrey’s direct testimony that Flagg had not done the work properly as he had claimed. The customer’s complaints were introduced only to show the basis for • Ortez’s own investigation of the jobsite.
The Louisiana Supreme Court, in Charbonnet v. Gerace, supra, said that misconduct under 23:1601(2) results from a willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, or a disregard of the standards of behavior that the employer has a right to expect. The Board found that Flagg was warned in March of 1984 that failure to perform the work assigned would result in dismissal. A few months later, he again failed to complete the work he was expected to do. Repetition of an offense against which the employee has been warned and counseled has been held to be a substantial and intentional disregard of the employer’s interest. January v. Adm’r, Div. of Emp. Sec., 155 So.2d 250 (La.App. 3d Cir.1963). Coupled with his failure to correct the deficiency and his reports to his superior that it had been completed, this delinquency amounts to misconduct that disqualifies Flagg from receiving unemployment compensation benefits.
There being no merit in his assignment of error, we affirm. Costs of the appeal are not assessed. LSA-R.S. 23:1692.
AFFIRMED.