534 So.2d 98 (1988)
Lena FRANKLIN, Plaintiff-Appellant,
v.
George WHITFIELD in his Official Capacity as Administrator, Division of Employment Security, Department of Labor, State of Louisiana, and Oakwood Village Nurse Care Center, Defendants-Appellees.
No. 87-910.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*99 Michael Tate, Lafayette, for plaintiff-appellant.
James A. McGraw, Denise A. Nagel, Herman Robinson, Frank T. Scott, Jr., B.J. Francis, Baton Rouge, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Greg Guidry, Lafayette, for defendants-appellees.
Before GUIDRY, STOKER and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether or not the plaintiff is disqualified from receiving unemployment compensation benefits because of misconduct connected with employment.
This is an unemployment compensation action instituted by Lena Franklin (hereinafter plaintiff), against George Whitfield, Administrator, Division of Employment Security, Department of Labor, State of Louisiana. Plaintiffs former employer, Oakwood Village Nurse Care Center (hereinafter Oakwood), as an unnamed statutory co-defendant, also answered the suit. Oakwood terminated plaintiffs employment as a licensed practical nurse (L.P.N.) on June 20, 1984 due to her repeated acts of misconduct in the course of her employment. Plaintiff was initially disqualified for unemployment compensation benefits and she requested a hearing before an Appeals Referee. The Appeals Referee affirmed the initial disqualification after an evidentiary hearing. Plaintiff timely appealed the decision to the Board of Review which maintained the disqualification. Plaintiff then appealed to the Fifteenth Judicial District Court and the trial court affirmed the decision of the Board of Review by written reasons for judgment rendered on March 12, 1987. A judgment was read and signed on March 20, 1987. Plaintiff moved for a new trial, which was denied on May 4, 1987. This devolutive appeal was filed on June 15, 1987. We affirm.

FACTS
Plaintiff, Lena Franklin, was employed by Oakwood Village Nurse Care Center as an L.P.N. from March 28, 1983 until her termination on June 20, 1984. When plaintiff was first employed by Oakwood she received a written copy of Oakwood's Policy Manual, which was explained to her, and signed a receipt for their manual agreeing to follow their policies and practices. The employee code of conduct, which was a part of Oakwood's Policy Manual, stated that an employee's violation of the employee code of conduct would constitute a cause for discharge. Among the things listed as violations of the employee code of conduct were insubordination to supervisors, using business phones for personal matters, other than during authorized times, discourteous conduct toward patients, inefficiency in the performance of assigned duties, and arguing on the job. Plaintiff worked five days per week on the 3:00 P.M. to 11:00 P.M. shift. Plaintiff was first reprimanded and counseled for discourteous conduct to a patient on October 12, 1983. Plaintiff again received a written reprimand on October 26, 1983 and counseling thereafter concerning her tardy dispensation of medication to patients and her refusal to change a urethrostomy bag for one of the patients. She was again reprimanded and counseled concerning complaints lodged by a patient representative, Jimmy Latiolais, President of the Residents Service Council. His complaints accused plaintiff of making personal telephone calls, failing to answer the patients' call light signal, and failing to timely dispense patient medication. Plaintiff's supervisors documented these complaints and their resulting counseling sessions with plaintiff, and noted that plaintiff was argumentative and unresponsive to criticism and suggestions. On May 29, 1984, plaintiff was reprimanded and suspended without pay for three days because of failure to properly attend a patient and an argument with other employees in the patient's room. On June 20, 1984, the Director *100 of Nursing reprimanded plaintiff concerning telephone calls that she was placing at night to the Director of Nursing, the L.P.N. Supervisor, and the L.P.N. Staff Nurse Supervisor at their homes. The Director of Nursing at that time terminated plaintiffs employment noting that plaintiff was unable to accept counseling or change her attitude and behavior. Plaintiff was initially disqualified by the Agency for unemployment compensation benefits and requested a hearing before an Appeals Referee. After an evidentiary hearing before an Appeals Referee, the initial Agency disqualification was affirmed. Plaintiff appealed the decision to the Board of Review, which affirmed the plaintiffs disqualification for benefits. Plaintiff then appealed to the Fifteenth Judicial District Court and the trial court affirmed the decision of the Board of Review by written reasons for judgment rendered on March 12, 1987. A judgment was read and signed on March 20, 1987. Plaintiff then moved for a new trial which was denied on May 4, 1987. This devolutive appeal timely followed.

TERMINATION FOR MISCONDUCT
LSA-R.S. 23:1601(2), provides that an employee shall be disqualified for unemployment compensation benefits, if he has been discharged by an employer for misconduct connected with his employment.
Louisiana courts have construed the definition of disqualifying misconduct as follows:
"An act of willful or wanton disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employer's duties and obligations to the employer." Horns v. Brown, 243 La. 936, 148 So.2d 607 (La.1953).
Jenkins v. Blache, 471 So.2d 909 (La.App. 2 Cir.1985); Honea v. Blache, 469 So.2d 464 (La.App. 3 Cir.1985), and cases cited therein.
It is clear from the testimony at the appeals hearing and from the written documentation received in evidence at the hearing that plaintiff was terminated for misconduct connected with her employment. Plaintiff received more than one complaint about her excessive telephone usage, her tardiness in dispensing medication, and her failure to respond timely to patient call light signals. Plaintiff admitted that she was aware of these complaints and offered excuses for her conduct. Plaintiff admitted that she was reprimanded and received counseling on more than one occasion because of these complaints. There was additional testimony that plaintiff failed to maintain proper nurses' notes and patient medication records. Plaintiff admitted being warned about these failures and offered more excuses for her behavior and attempted to place blame on other nurses for these errors. Testimony was offered concerning plaintiffs heated arguments with other nurses and patients. One nurse had to be transferred to other duty because she and plaintiff could not work together. All of this testimony is corroborated by plaintiff who only offered excuses for her behavior. Oakwood finally discharged plaintiff because of her repeated failure to comply with its written policies after numerous reprimands, warnings, and counseling by her supervisors.
The employer bears the burden of proving that a discharge resulted from disqualifying misconduct. The issue is primarily a factual one to be determined by the Department. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981); Melton v. State, Office of Employment Sec, 473 So.2d 925 (La.App. 3 Cir.1985), and cases cited therein.

STANDARD FOR APPELLATE REVIEW
As we recently stated in Melton v. State, Office of Employment Sec, supra at page 927:
"This Court as well as the District Court below, is limited in its power to *101 review the decision of the Board of Review. LSA-R.S. 23:1634 provides:
`In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law....'
In interpreting the standard of review provided by LSA-R.S. 23:1634, we quoted our brethren of the First Circuit Court of Appeal in Hayes v. State, Office of Employment Sec, 467 So.2d 175 (La. App. 3rd Cir.1985) and stated that:
`"In short, our jurisdiction is limited to questions of law; we simply do not have the jurisdiction or authority to disturb the findings of fact of the Board of Review where questions of weight and credibility are involved and where their conclusions are supported by sufficient evidence. Vancouver Plywood Co., Inc. v. Sumrall, 415 So. 2d 625 (La.App. 3rd Cir.1982); Dunigan v. Administration of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir.1977); Southeastern Louisiana University v. Shelton, 431 So.2d 432, 435 (La.App. 1st Cir.1983)" Hayes v. State, Office of Employment Sec, 467 So.2d 175, 177 (La.App. 3rd Cir.1985).'"
The Agency, the Appeal Referee, and the Board of Review, as well as the trial court, made a finding of disqualification because of misconduct of the plaintiff connected with employment. From our review of the record we conclude that the record contains legally sufficient competent evidence to support the factual finding of the Board of Review that plaintiff was discharged for misconduct connected with employment. For this reason we find that the decision determining that the plaintiff was disqualified from receiving unemployment compensation benefits is correct and the judgment of the trial court is affirmed.
All costs of the trial and appellate proceedings are to be absorbed by the Clerk of this Court and the Clerk and Sheriff of the trial court. Melton v. State, Office of Employment Sec., supra, and authorities cited therein.
AFFIRMED.