534 So.2d 1003 (1988)
Elize J. FORD, Plaintiff-Appellant,
v.
Dudley PATIN, Admin. of the La. Dept. of Employment Security, and Oak Haven Nursing Home, Inc., Defendants-Appellees.
No. 87-890.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
*1004 Norris J. Greenhouse, Marksville, for plaintiff/appellant.
William H. Ledbetter, Jr., Bossier City, James McGraw, B.J. Francis, Sr., Baton Rouge, for defendants/appellees.
Before GUIDRY, FORET and KNOLL, JJ.
GUIDRY, Judge.
This is an unemployment compensation case. On March 3, 1986, claimant, Elize J. Ford, was terminated from her employment as a housekeeper with Oak Haven Nursing Home, Inc. (hereafter Oak Haven). That same day, plaintiff filed a claim with the Louisiana Department of Labor, Office of Employment Security. Her claim was approved and, on March 26, 1986, the employer, Oak Haven, appealed that determination to an Appeals Referee. The Referee reversed the determination of the agency and disqualified claimant for benefits finding that she was discharged for misconduct connected with her employment. The Board of Review affirmed the decision of the Appeals Referee and plaintiff sought judicial review of the Board of Review's decision. The district court affirmed the Board of Review's decision and claimant appealed to this court. We affirm.
FACTS
After a hearing, which included the testimony of appellant; Sheila Tyler, the Director of Nurses at Oak Haven; and, Elaine Dauzat, an L.P.N. at the nursing home, the Appeals Referee made the following findings of fact:

*1005 "The claimant was employed by Oak Haven Nursing Home from July 24, 1978 until March 3, 1986. She was a Housekeeper, earning $3.55 per hour and was scheduled to work from 6:00 a.m. to 2:00 p.m., five days per week, with rotating days off.
The claimant was discharged on March 3, 1986, by Sheila Tyler, Director of Nurses, after an inspection was made of the rooms which the claimant stated had already been cleaned. The employer, in the presence of witnesses and the claimant, found dried urine under a recliner; trash under and behind a bedside table and bed; dried BM on the commode and dirty faucets. The claimant had received four prior written warnings regarding her failure to perform her assigned duties properly. In addition, the claimant received numerous oral reprimands regarding the same offense. Following the oral and written warnings, the claimant always showed improvement for a brief period of time and then reverted to negligent behavior in the cleaning of the rooms."
These findings were adopted by the Board of Review.
Our review in this matter is confined to questions of law as the record in this case discloses sufficient evidence to support the findings of fact of the Board of Review and there is no issue of fraud presented. La. R.S. 23:1634; Dubois v. Louisiana Department of Labor, Office of Employment Security, 427 So.2d 645 (La.App. 5th Cir. 1983), and cases cited therein. Therefore, the issue presented is whether, on the facts found by the Board of Review, as a matter of law, plaintiff was guilty of disqualifying misconduct.
Under the provisions of La.R.S. 23:1601(2), an individual shall be disqualified for unemployment benefits if the administrator finds that he has been discharged for misconduct connected with his employment.
"[1] Misconduct under LSA-R.S. 23:1601(2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969)...."
Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir.1972).
Appellant argues that she was fired for substandard work performance which, under the jurisprudence, is not considered misconduct within the meaning or intendment of La.R.S. 23:1601(2). In support of her contention, appellant cites Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir. 1985); Louisiana Office of Family Services v. Administrator, Louisiana Office of Employment Security, 427 So.2d 539 (La. App. 3rd Cir.1983); and, Simmons v. Gerace, 377 So.2d 407 (La.App. 2d Cir.1979).
We agree that substandard work performance, standing alone, is not misconduct within the intendment of La.R.S. 23:1601(2). As stated by our brethren of the Fourth Circuit in Thomas v. Blache, 488 So.2d 1282 (La.App. 4th Cir.1986):
"The element of intentional wrongdoing must be present for an employee to be guilty of disqualifying misconduct. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Banks, supra.[[1]] Unsatisfactory work, without the intent to do wrong, is not `misconduct' under LSA-R. S. 23:1601. Id."
However, where an employee has the capability to satisfactorily perform the tasks for which he was hired, yet is guilty, despite repeated warnings both oral and written, of substandard work performance, such conduct evinces a willful and wanton disregard of his employer's interest and, in our view, constitutes misconduct within the purview *1006 of La.R.S. 23:1601(2). See January v. Administrator, Division of Employment Security, 155 So.2d 250 (La.App. 3rd Cir. 1963); Flagg v. State, Department of Employment Security, 494 So.2d 1305 (La. App. 2d Cir.1986).
We find no clear error in the administrative determination, affirmed by the trial court, that appellant is guilty of disqualifying misconduct. Claimant was capable of performing her assigned tasks. Despite her capability and repeated warnings, both written and oral, her job performance was inefficient and substandard. In our view, such conduct is negligence of such degree and recurrence as to constitute a substantial disregard of the employer's interest, i.e., disqualifying misconduct.
Appellant's reliance on Jenkins, Louisiana Family Services and Simmons, is misplaced. In Jenkins, supra, claimant lacked the necessary expertise to perform the tasks for which she had been hired and was discharged for inefficiency without benefit of a prior written reprimand. In Louisiana Family Services, supra, the employee was discharged solely for substandard work performance. Finally, in Simmons, supra, the court found that "[A]t most, the claimant's conduct constituted inadequate job performance, some errors in judgment, some inability to supervise personnel under her direction, and some personality attributes that did not please her supervisors".
Claimant also appeals the assessment of costs against her by the district court. La.R.S. 23:1692 states in pertinent part:
"No individual claiming benefits shall be charged fees or costs of any kind in any proceeding under this Chapter by the board of review, the administrator, or by their representatives, or by any court, but a court may assess costs against the claimant if it determines that the proceedings for judicial review have been instituted or continued frivolously."
The district court made no finding of frivolity. We therefore reverse that part of the district court judgment which cast Mrs. Ford for costs.
For the foregoing reasons, that portion of the judgment of the district court in favor of defendants, Dudley Patin, Administrator of the Louisiana Department of Employment Security and Oak Haven Nursing Home, Inc., finding that plaintiff, Elize J. Ford, is ineligible for unemployment compensation benefits is affirmed. That portion of the judgment casting plaintiff with costs is annulled and set aside. Costs of this appeal are not assessed. La. R.S. 23:1692; Hayes v. State, Office of Employment Security, 467 So.2d 175 (La. App. 3rd Cir.1985).
AFFIRMED IN PART; REVERSED IN PART; AND, RENDERED.
KNOLL, J., dissents and assigns written reasons.
KNOLL, Judge, concurring in part and dissenting in part.
I agree that there should be no assessment of court costs, however, for the following reasons I respectfully dissent from the majority.
The termination of a long-standing employee is a harsh remedy, and on the facts of the case now before us I would not find Mrs. Ford guilty of disqualifying misconduct as contemplated by LSA-R.S. 23:1601, and its interpretive jurisprudence.
Mrs. Ford was employed as a housekeeper by Oak Haven from July 24, 1978, through March 3, 1986, almost eight years. During that time, the record reflects that she received only three (3) written warnings for unsatisfactory work performance, none of which occurred close to the date of her dismissal. The last warning was on February 4, 1985. Moreover, the record shows that prior to 1983 and between February 4, 1985, and March 3, 1986, Mrs. Ford performed her tasks, even working holidays when other employees did not wish to work, without receiving any written warnings.
Under these particular facts, I find that our decision in La. Off. of Fam. Serv. v. Adm'r. Emp. Sec. Off., 427 So.2d 539 (La. App. 3rd Cir.1983), a case involving repeated warnings for unsatisfactory work *1007 performance, dispositive of the issues presented herein, and I would reverse the decision of the trial court.
NOTES
[1] 393 So.2d 696 (La.1981).