KNOLL, Judge.
This is an unemployment compensation case. On November 15, 1985, claimant, Rita Thibeaux, was terminated from her employment as a housekeeper-aide with Our Lady of Lourdes Regional Medical *1291 Center (OLOL). Thibeaux was discharged for substandard work performance after repeated warnings concerning her failure to follow instructions. The Louisiana Department of Employment Security (Agency) initially determined that there was no misconduct connected with Thibeaux’s employment and found her eligible for unemployment compensation benefits. OLOL appealed that determination to an Appeals Referee. The Referee reversed the determination of the Agency and disqualified Thibeaux for benefits. The Board of Review affirmed the decision of the Referee and Thibeaux sought judicial review of the Board of Review’s decision. The district court affirmed the decision of the Board of Review, and Thibeaux appealed to this court. We affirm.
FACTS
After a hearing, the Appeals Referee made the following findings of fact:
“The claimant worked for ... [OLOL] from July 19, 1975 until November 15, 1985 as Housekeeper Aide. She worked full-time from 7:00 a.m. to 3:30 p.m., Monday though [sic] and every other weekend. For her services she received $5.81 per hour.
On November 15, 1985, the claimant was discharged from her employment by Ms. Guilbeau for substandard work performance.
Until December, 1980, the employer contracted the housekeeping to Service Masters. In December, the employer can-celled the contract and hired its own staff. The claimant was retained by the employer. Ms. Hayes was her immediate supervisor. She rated the claimant marginal/satisfactory on her annual performance appraisal for 1982. Ms. Hayes transferred her from the first floor to the second floor. Her hours of work changed from 9:00 a.m. to 5:00 p.m. to 7:00 a.m. to 3:30 p.m. On March 18, 1983, the claimant was verbally warned by Ms. Guilbeau about being out of her work area showing wedding pictures to another housekeeper. Ms. Hayes verbally counselled with her on on [sic] July 22, 1983 for being out of her work area and using an unauthorized telephone. She was verbally counselled in April, August and October, 1984 about substandard work. Each time the claimant was shown the area and she redid the work to the employer’s satisfaction. As a result of these verbal consultations, she was issued a written warning on January 18, 1985. At that time she'was cautioned further action would be taken if her work did not improved [sic].
The claimant’s 1984 annual performance appraisal by Ms. Hayes, showed that she was marginal/satisfactory, and needed to show some improvement in her work area.
On July 26, 1985, the claimant was verbally counselled because of a complaint that she was not cleaning the telephone room. An inspection of her area on September 4, 1985 revealed that the shower curtain in the back room needed changing, the window sills and air vents were dusty and she needed to work in the corners of the base board. At that time Vicki Simon was her immediate supervisor. On the 6th, Ms. Simon made rounds with the claimant showing her the areas that were expected to be cleaned. As the physical therapy area was busy with clients, she could only clean before 8:00 and between 11:00 and 12:00. Because of this, the claimant was asked to change her hours back to 9:00 a.m. to 5:30 p.m. She refused this change. A schedule was set up for her to clean the area from 7:00 to 8:00 and 11:00 to 12:00. On October 16, the claimant was verbally warned for not following the schedule of cleaning the physical therapy area. On October 18, the claimant contacted her supervisor that she would be late for work. However, she was observed talking to a housekeeping aide at the elevator. It was felt she was interfering with the work performance of this employee. The claimant disagrees with this observation. *1292 She was waiting for the elevator and exchanged greetings with a co-worker. She was advised to use the stair well for ' only one floor and she must use the service elevator if she is carrying supplies. She was written up on the 18th as she had received two other warnings on visiting.
The claimant’s area was inspected again on November 14, 1985. The same other areas in the pharmacy, stair well and telephone room, were not cleaned to the employer’s expectations. The pharmacy and telephone room were kept locked would not have been effected as much as the stair well because of the continuous construction around the center.
On November 15, 1985, the claimant was discharged for substandard work in the pharmacy, stair well and telephone room.”
These findings were adopted by the Board of Review.
Our appellate review in this matter is confined by LSA-R.S. 23:1634 to questions of law since the record of this case discloses sufficient evidence to support the findings of fact of the Board of Review and fraud is not an issue presented. Therefore the issue presented for appellate review is whether, on the facts found by the Board of Review, Thibeaux was guilty of disqualifying misconduct as a matter of law.
In Martin Mills v. Dept. of Employment Sec., 541 So.2d 205, 207 (La.App. 3rd Cir. 1989), we stated:
“LSA — R.S. 23:1601(2) provides that an employee shall be disqualified for unemployment compensation benefits, if he has been discharged by the employer for misconduct connected with his employment. Franklin v. Whitfield, 534 So.2d 98 (La.App. 3rd Cir.1988).
“Louisiana courts have construed the definition of disqualifying misconduct as follows:
“ ‘An act of willful or wanton disregard of the employer’s interest; a deliberate violation of the employer’s rules; a disregard of standards of behavior which the employer has the right to expect of his employees; or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963).’ ”
Franklin v. Whitfield, supra; Honea v. Blache, 469 So.2d 464 (La.App. 3rd Cir. 1985), and cases cited therein.
[[Image here]]
“We agree that substandard work performance, standing alone, is not misconduct within the intendment of La.R.S. 23:1601(2). As stated by our brethren of the Fourth Circuit in Thomas v. Blache, 488 So.2d 1282 (La.App. 4th Cir.1986):
‘The element of intentional wrongdoing must be present for an employee to be guilty of disqualifying misconduct. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Banks [v. Administrator of Department of Employment Security] [393 So.2d 696 (La.1981)] supra. Unsatisfactory work, without the intent to do wrong, is not “misconduct” under LSA-R.S. 23:1601. Id.’
However, where an employee has the capability to satisfactorily perform the tasks for which he was hired, yet is guilty, despite repeated warnings both oral and written, of substandard work performance, such conduct evinces a willful and wanton disregard of his employer’s interest and, in our view, constitutes misconduct within the purview of La.R.S. 23:1601(2). See January v. Administrator, Division of Employment Security, 155 So.2d 250 (La.App. 3rd Cir.1963); Flagg v. State, Department of Employment Security, 494 So.2d 1305 (La.App. 2nd Cir.1986).”
See also, Cole v. Doyal, 195 So.2d 759 (La.App. 3 Cir.1967); Batiste v. Brown, 134 So.2d 381 (La.App. 3 Cir.1961).”
*1293 In the case sub judice, we have carefully reviewed the facts as found by the Board of Review in light of the law and jurisprudence, and find that the claimant was properly denied unemployment compensation benefits. During a period of time commencing in 1983 and ending with Thi-beaux’s termination on November 15, 1985, she received at least ten warnings, some written and others oral, which explained the deficiencies her supervisors found with her cleaning of the areas assigned to her. The record further shows that Thibeaux’s supervisors accompanied her on inspections of her work areas, pointed out the cleaning deficiencies and proposed means by which she might clean her work areas better and more efficiently. In the two months just prior to her termination, Thibeaux received at least five warnings. Despite these warnings and conferences, Thibeaux’s job performance remained inefficient and substandard.[1] Accordingly, we find that Thi-beaux’s conduct was of such degree and recurrence as to constitute a substantial disregard of her employer’s interest, i.e., disqualifying misconduct.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. I dissented in part in Ford v. Patin, 534 So.2d 1003 (La.App. 3rd Cir.1988), finding Mrs. Ford’s actions did not rise to the level of disqualifying misconduct as contemplated by LSA-R.S. 23:1601. I adhere to my views expressed in Ford, supra, and find that Thibeaux's actions or inactions clearly exceed those of Mrs. Ford.