I iGREMILLION, Judge.
The City of Crowley appeals the trial court’s judgment granting the plaintiff, Joseph Victor, Jr., unemployment benefits. For the following reasons, we affirm the judgment of the trial court.
Victor’s application for unemployment was initially approved by the Department of Labor. Crowley appealed and a hearing was held before an administrative law judge on March 16, 1995. Following the hearing, which Victor did not attend, the administrative law judge rendered an opinion reversing the Department’s ruling and disqualified Victor from receiving unemployment benefits based on a finding that he was discharged from his position with Crowley due to misconduct connected with his employment. The administrative law judge’s opinion stated:
JgFINDINGS OF FACT
The claimant was employed by the City of Crowley as a program inspector from July 1, 1994, until January 9, 1995. His rate of pay was $4.25 per hour. He was a part-time employee. He was scheduled to work nineteen hours per week. The claimant’s supervisor was Eva Poullard, Section 8 Program Director. The claimant’s job was to inspect low income housing units to make sure that they conformed to governmental standards. The claimant had a check list of items that he was supposed to *1125 review. The claimant continued to conduct incomplete and inadequate inspections although he received verbal and written warnings from Ms. Poullard concerning his job performance. On January 9,1995, Ms. Poullard discharged the claimant because of his continued unsatisfactory job performance.
OPINION
R.S. 23:1601(2) provides that an individual shall be disqualified for benefits (a) if the Administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others. Such disqualification shall continue until such time as the claimant can requalify by demonstrating that he: (i) has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance laws of any other state or of the United States equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying separation occurred and (ii) that he has not left his last work under disqualifying circumstances, (c) If the administrator finds that such misconduct has impaired the right, damages, or misappropriated the property of, or has damages the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be canceled and no benefits shall be paid on the basis of the wages paid to the individual by such employer.
Unrefuted testimony from the representative for the employer-appellant indicates that the claimant was discharged from his employment because he continued to perform his job in an unsatisfactory manner after warnings. The facts indicate that the claimant’s discharge was for misconduct connected with the employment. He is not entitled to benefits.
IT IS ORDERED That the Agency determination which did not disqualify the claimant for benefits under R.S. 23:1601(2) of the law be reversed and that a disqualification for benefits be assessed January 9, 1995.
IsVictor appealed this decision to the Board, which determined that the case was properly decided and adopted the findings of fact and conclusions of law of the administrative law judge. Victor then appealed the matter to the district court, which reversed the decision of the Board for the following reasons:
In reviewing this matter, the court is of the opinion that the decisions of the administrative law judge and board of review are not supported by sufficient evidence which would warrant the conclusions of fact reached by them to be deemed conclusive, as provided for in LSA-R.S. 23:1634. This conclusion is based upon the testimony of the (sic) Eva Poullard, Mr. Victor’s supervisor, who testified before the administrative law judge as a witness for the City of Crowley.
Ms. Poullard was questioned during the hearing regarding Mr. Victor’s job performance and the incompleteness of his inspections, which were the basis for his discharge:
JUDGE: OKAY. WAS THAT DUE TO HIS INABILITY OR JUST HIS DISREGARD OF THE JOB RESPONSIBILITIES?
POULLARD: I DON’T THINK MR. VICTOR COULD DO IT. I THINK IT’S BECAUSE OF HIS INABILITIES, OKAY.
(Tr. p. 7).
Under the jurisprudence substandard work performance alone, is not grounds for discharge, unless the employee has the ability to perform his job duties, but does not. There must be a disregard of the employer’s interest; a deliberate violation of the employer’s rules. Franklin v. Whitfield, 534 So.2d 98 (La.App. 3rd Cir.1988); January v. Administrator, Division ov (sic) Employment Security, 155 So.2d 250 (La.App. # rd (sic) Cir.1963).
*1126 The admissions of Ms. Poullard evidence that Mr. Victor did not willfully disregard his duties; there was no deliberate violation of the rules established by the City of Crowley. Rather, Mr. Victor did not have the ability to perform his job duties. For these reasons the findings of the Board of Review are reversed and the initial determination of the Agency, that Mr. Victor is entitled to benefits, is reinstated.
The City of Crowley appeals this judgment.
LAW
Judicial review in unemployment cases is limited to a determination of |4whether the Board’s findings of fact are supported by sufficient evidence and whether the facts as found warrant the Board’s decision as a matter of law. Barber v. Administrator, Office of Employment Security, 95-770 (La.App. 3 Cir. 12/6/95); 664 So.2d 844, Ortego v. Administrator of the LA. Div. of Emp. Sec., 626 So.2d 959 (La.App. 3 Cir. 1993). Our review does not entail the weighing of evidence, drawing of inferences, reevaluation of evidence, or substituting the views of this court for those of the Board as to the correctness of the facts, however, there must be legal and competent evidence to support the factual findings on which the Board’s determination turns. Barber, 95-770; 664 So.2d 844, Banks v. Administrator of Department of Employment, 393 So.2d 696 (La.1981). The district court held that the administrative law judge and the Board’s findings of fact were not supported by sufficient evidence. After reviewing the record, we agree with the district court.
FACTS
Victor was employed from July 1, 1994 until January 9,1995, as a program inspector for Crowley. A program inspector inspects low income housing units to ensure that they conform with governmental standards. On January 9, 1995, he was discharged by his supervisor, Eva Poullard, the Section 8 Program Director, because of unsatisfactory job performance.
Victor received three employee warnings before being terminated on January 9, 1995. The first warning, for a violation dated October 6, 1994, states that Victor made an “[fin-complete inspection of property owned by Mr. Joe Newmeyer, located at 407 S. Avenue M, in Crowley, La.” The employee warning report lists seven types of violations, with a box next to each one to show the type of violation complained of. The seven types are: attendance, carelessness, disobedience, safety, tardiness, work quality, and other. For the October 6, 1994 violation, the violations |s“carelessness” and “work quality” were checked. The second employee warning report was also for a violation dated October 6,1994. This violation was for “[fin-complete inspection of property owned by Brian Boulet, located at 214 E. 11th, in Crowley, La.” The violations “carelessness” and “work quality” were again noted. On December 15, 1994, an employee warning report was issued demoting Victor to part-time as a result of his two previous incomplete inspections. A third employee warning report was issued to Victor for a violation dated October 26,1994. The violation stated: “[s]erious deficiencies are revealed in previous warnings with the addition of one dated 1/9/95. The unit inspected was not safe, decent, or sanitary. The house is infested with mice and there is no hot water. The tank has been tagged for seven (7) months.” The violations again were “carelessness” and “work quality.” As a result of these violations, Poullard decided to release Victor and the Mayor of Crowley signed the employee warning report stating that Victor’s release was because “he is not capable of taking appropriate actions in regards to making inspections that would allow people to live in a safe, decent, and sanitary housing.” Victor’s release was effective January 9,1995.
At the hearing before the administrative law judge, Poullard testified that she did not think Victor was capable of performing his job because of the incompleteness of his inspections. He never completed an inspection from the time he started with the Section 8 program until the time he was discharged, despite Crowley’s attempts to train him according to the Department of Housing and Urban Development’s recommendations. When asked by the administrative *1127 law judge if this was due to Victor’s inability or a disregard for his job’s responsibilities, Poullard stated that it was because of his inability. She testified that whenever she questioned Victor about his incomplete inspections, he always told her that he forgot and that he 1 (¡would go back and do the inspection again. He never gave her a satisfactory answer.
In order for a claimant to be disqualified from receiving unemployment benefits as a result of misconduct connected with his employment, as provided by La.R.S. 23:1601(2):
the “misconduct” must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Pilgrim Manor Nursing Home, Inc., v. Gerace, 337 So.2d 660 (La.App. 3rd Cir.1976). The type of behavior which is considered “willful misconduct” is intentional wrong behavior. Banks v. Administrator of Employment Security, 393 So.2d 696 (La.1981). Because of the beneficial purpose of unemployment compensation, the term “misconduct” should be construed so as to favor the awarding of benefits rather than disqualification.
Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984).
In Ford v. Patin, 534 So.2d 1003, 1005 (La.App. 3 Cir.1988), this court stated:
We agree that substandard work performance, standing alone, is not misconduct within the intendment of La.R.S. 23:1601(2). As stated by our brethren of the Fourth Circuit in Thomas v. Blache, 488 So.2d 1282 (La.App. 4th Cir.1986):
“The element of intentional wrongdoing must be present for an employee to be guilty of disqualifying misconduct. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Banks, supra. [footnote omitted] Unsatisfactory work, without the intent to do wrong, is not ‘misconduct’ under LSA-R.S. 23:1601. Id.”
However, where an employee has the capability to satisfactorily perform the tasks for which he was hired, yet is guilty, despite repeated warnings both oral and written, of substandard work performance, such conduct evinces a willful and wanton disregard of his employer’s interest and, in our view, constitutes misconduct within the purview of La.R.S. 23:1601(2). [citations omitted].
In the case sub judice, Poullard admitted that Victor could not perform his job because of his inability. In the employee warning reports, the violations marked off were always “carelessness” and “work quality,” never “disobedience.” ^Poullard stated that during the entire time Victor was employed by Crowley, he never completed an inspection, even after training as recommended by the Department of Housing and Urban Development. On February 9, 1995, in a telephone conversation with an investigator for the Department of Labor, Poullard revealed that she had reviewed Victor’s prior employment records and found that his inspections there were done improperly for a long time. A note from the investigator states that Victor “worked lOyrs for AVCAP performing same duty — No complaints — City of Crowley had stricter policies — claimant maintains he tried — didn’t intentionally neglect his duties.” There is no evidence that Victor was capable of performing his job satisfactorily. Despite the repeated warnings he received, we do not find that his conduct evinced a willful and wanton disregard for Crowley’s interests, thus, it did not constitute misconduct.
Based on this evidence, we find that Crowley failed to prove by a preponderance of the evidence that Victor was discharged for misconduct connected with his employment. We affirm the district court’s judgment reinstating Joseph Victor Jr.’s unemployment benefits. The costs of this matter, $690.25, are assessed against the defendant-appellant, City of Crowley.
AFFIRMED.